## W. A. MEEKER *v.* SARAH HOFFER ET AL.

DISMISSAL OF APPEAL—ORDER.

MOTION of the respondent to dismiss the appeal taken in this case.

*C. F. Hanlon,* for Appellant.

*Bishop & Fifield, L. H. Henry,* and *T. O'Connor,* for Respondents.

McKEE, J.:

Two motions are made by the respondent to dismiss the appeal in this case. The first is made upon the ground that the transcript has not been filed within the time required by Rule 2 of this Court; and the second, upon the ground that the clerk's certificate to the transcript filed herein does not comply with § 953 of the Code of Civil Procedure, in that it does not state that any undertaking on appeal has been properly filed.

The appeal was perfected on the 10th day of February, 1880. No transcript was filed within forty days thereafter, as required by the rule; but on the 18th of March, 1880, before notice of the motion to dismiss the appeal had been given, and in fact before the forty days had expired, the appellant's attorney, upon affidavit, obtained an order signed by four of the associate justices of this Court, granting him twenty days additional time within which to file the transcript. This was a valid order under subdivision 3 of Rule 2. An extension of time to file a transcript, granted by four associate justices, is equivalent to an extension of time for the same purpose by the Court. The transcript was filed March 30th, 1880, within the time of the

extension; and being filed within time, the first motion to dismiss is denied.

To the transcript on file, the clerk of the Court has certified that the copies of the papers included within the transcript as printed are true and correct copies of the original papers on file in the case; " and that a sufficient undertaking on appeal, in due form of law, was properly filed therein." This certificate does sufficiently comply with § 953 of the Code of Civil Procedure.

Motions to dismiss appeal denied.

Ross, J., and McKinstry, J., concurred.