[L. A. No. 1272.   Department One.—June 25, 1902.]

E. DOWNING, Plaintiff and Appellant, v. ALECK RADE-
MACHER, and T. M. OSMONT, Defendants and Re-
spondents, and W. W. MIDDLECOFF, Defendant and
Appellant.

JUDGMENT UPON CROSS-COMPLAINT—JOINT APPEAL BY PLAINTIFF AND
DEFENDANT—DISMISSAL.—An appeal from a judgment rendered in
favor of two defendants upon their cross-complaint in an action to
quiet title against the plaintiff and another defendant may be taken
by the latter jointly, in like manner as if the action had been
brought against them as defendants, by the cross-complainants as
plaintiffs; and their joint notice and undertaking does not render
their appeal subject to dismissal, on the ground that they are on
opposite sides of the record as parties.

ID.—FORM OF UNDERTAKING ON APPEAL—CONSTRUCTION—PRACTICE.—
The code does not require a separate undertaking on behalf of each
appellant, nor does it require that the name of any payee shall be
stated therein.   The undertaking herein is to be construed as ren-
dering the sureties liable to the respondents; and the undertaking
being in the form which has been the settled practice for many
years, this court will not disturb such practice.

ID.—CERTIFICATE AS TO UNDERTAKING—PRIMA FACIE SUFFICIENCY—BUR-
DEN OF PROOF.—A certificate attached to the transcript in which the
clerk certifies that ''a good and sufficient undertaking on appeal in
due form was properly filed herein,'' conforms with the require-
ments of the code, and is *prima facie* sufficient, and it is incumbent
upon the respondents to show any incorrectness in the certificate.

MOTION to dismiss appeal from a judgment of the Supe-
rior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Louttit & Middlecoff, and J. W. Ahern, for Appellants.

T. M. Osmont, for Respondents.

HARRISON, J.—The respondents have moved to dismiss
the appeal herein upon the ground that the appellants—the
plaintiff and one of the defendants—have given a joint notice
of appeal, whereas, inasmuch as they are on opposite sides
of the record, each appellant should have given a separate

notice; that the undertaking on appeal is insufficient, in that it is joint on behalf of both appellants, instead of a separate undertaking on behalf of each; that no payee is named therein; and that it does not appear from the record that it was filed within the time required by law.

1. The action was brought by the plaintiff against the defendants to quiet his title to certain 'mining property. Two of the defendants,—the respondents herein,—in addition to answering the complaint, filed a cross-complaint against the plaintiff and one of their co-defendants, upon which judgment was rendered in their favor and against the defendants in the cross-complaint, and the appeal is from that judgment. While the trial of the issues presented under this cross-complaint is in the action brought by the plaintiff against the several defendants, the judgment is in legal effect the same as if the cross-complainants had instituted an original action against the plaintiff and their co-defendant, and obtained judgment therein. The judgment is against the appellants herein, and the fact that they were on opposite sides of the record in the original complaint does not impair their right to unite in the appeal or to give a joint notice of appeal any more than if they had been defendants in an original action against them by the respondents.

2. In the undertaking filed herein the sureties ''do hereby jointly and severally undertake and promise on the part of the appellants that the said appellants will pay all damages and costs which may be awarded against them on appeal or on a dismissal thereof, not to exceed $300.'' The code does not require a separate undertaking on the part of each appellant, its provision being (Code Civ. Proc., sec. 941·) that it must be executed ''on the part of the appellant'' by two sureties to the effect ''that the appellant will pay'' the damages and costs that may be awarded him on the appeal. By section 17 of the Code of Civil Procedure, ''the single number includes the plural,'' and there is the same reason for holding that the appellants may unite in the undertaking as in the notice of appeal. The omission of a payee in the undertaking is immaterial. The code does not require that it shall contain the name of the payee, and a proper construction of the undertaking herein renders the sureties liable thereon to the

respondents. Aside from these considerations, as the undertaking in the present case is in the form which has been in use for many years, we would not feel justified in disturbing so long and well-settled a practice.

3. In his certificate attached to the transcript the clerk certifies that "a good and sufficient undertaking on appeal in due form was properly filed herein." This complies with the requirements of the code (sec. 953); and is *prima facie* sufficient. (*Meeker* v. *Hoffer*, 57 Cal. 140.) If the certificate was incorrect, it was incumbent upon the respondents to make that fact to appear.

The motion is denied.

Garoutte, J., and Van Dyke, J., concurred.