(76 South. 53)
### STATE, for Use of JEFFERSON COUNTY, v. JEFFERSON COUNTY BANK.
(6 Div. 492.)

(Supreme Court of Alabama. May 17, 1917. Rehearing Denied June 21, 1917.)

1. TAXATION ⬤⟿584—METHOD OF COLLECTING TAXES—ABSENCE OF STATUTORY PROVISION.

Where the Legislature has not authorized any method for collecting a tax, an action at law will lie to collect it, but, where method is provided, it is exclusive.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1185–1187, 1189–1191.]

2. TAXATION ⬤⟿592 — ACTION TO COLLECT TAXES—FRAUD—SUFFICIENCY OF BILL.

A bill to enforce collection of taxes against a bank on the ground of fraudulent deductions of certain real estate from capital stock held insufficient, since the assessor should not have been misled by the statement, as he should have known that the bank did not own such property, and it was not shown but what the real estate in question was computed among the assets of the bank in arriving at the value of the capital stock, and, if it was, the tax having been paid upon the land, the deduction would not have injured the state or county.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1205–1213.]

3. TAXATION ⬤⟿592 — ACTION TO COLLECT TAXES — FRAUD — SUFFICIENCY OF BILL — STATUTORY REMEDY.

A bill to enforce collection of a tax against a bank on account of fraudulent deduction of certain property from capital stock was defective in not showing that the matter could not have been remedied by resort to the statutory system of correcting assessments.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1205–1213.]

4. TAXATION ⬤⟿585 — ACTION TO COLLECT TAXES—JURISDICTION—STATUTE.

Banking Act 1911, p. 63, § 10, giving a creditor the right to enforce his claim against a bank by petition in the court having jurisdiction of the affairs of the bank, held not broad enough to justify a bill against a bank to enforce collection of taxes on the ground of a fraudulent deduction of certain real estate from the value of capital stock.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1185–1187, 1189–1191.]

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Bill by the State of Alabama, for the use of Jefferson County, against the Jefferson County Bank, etc. Decree for defendant, and plaintiff appeals. Affirmed.

E. N. Hamill, of Birmingham, for appellant. Coleman & Coleman, of Birmingham, for appellee.

ANDERSON, C. J. [1] The bill, or petition, seeks to enforce the collection of a tax against the respondent bank upon the idea either of an escape or for error in the assessment because of an unwarranted deduction of the assessed value of certain real estate from the value of the capital stock upon the idea that said real estate did not belong to the Jefferson County Savings Bank.

"The general rule seems to be that, where the Legislature has not authorized any method for collecting a tax, an action at law will lie to collect it. Where the Legislature, however, has authorized a method of collection, the method is exclusive, and generally in such case an action will not lie unless the statute expressly authorizes it." City of Huntsville v. Madison County, 166 Ala. 389, 52 South. 326, 139 Am. St. Rep. 45.

Our statutory system, whether perfect or not, seems to provide the manner of assessing and collecting taxes and provides for the correction of errors and the reassessment of property through the state and county boards, and the only thing upon which the present bill might be given equity would be upon the idea of fraud in and about making the assessment, and we are not persuaded that the bill makes out a case for relief.

[2] In the first place, if the deduction was made by the Jefferson County Savings Bank with a fraudulent intent, the assessor should not have been misled thereby, as he, better than any one else, knew or should have known that the said bank did not own the real estate. Moreover, the bill does not, under the facts averred, make out a case of fraud. From aught that appears, the value of the real estate in question was computed among the assets of the bank in arriving at the value of the capital stock, and if it was, the tax having been paid upon said land, the deduction of the value of same from the capital stock did not injure the state and county. It is true the bill avers that the land was not owned by the Jefferson County Savings Bank, and that it had no right to assess same, but it does not aver

that it was not considered by said bank in fixing the valuation on its stock, and whether it owned it or not, if it in one instance treated it as its property, we can infer that it also did so in arriving at the value of the stock, in the absence of an averment that such was not the case, especially where the point was made by a demurrer.

[3] Again, the bill is defective for not showing that the matter could not have been remedied by resort to the statutory system of correcting assessments. To correct an improper assessment courts must not be sought in the first instance. Lehman-Durr & Co. v. Robinson, 59 Ala. 219. The bill does not aver a resort to and failure to get relief under the statutory system, or set up an excuse for not having done so.

[4] We do not think that the right given under Banking Act 1911, pp. 50, 63, giving a creditor the right to enforce his claim by a petition in the court having jurisdiction of the affairs of the bank, is broad enough to enable the petitioner to obtain the relief sought in the present case or upon the showing of facts made even if he had the right to pursue the present remedy.

The decree of the chancery court is affirmed.

Affirmed.　　　　　•

McCLELLAN, SAYRE, and GARDNER, JJ., concur.