E. A. VAN SICKLIN and W. E. ADAMS, Respondents,
v. MAYFIELD LAND & LIVESTOCK COMPANY,
a Corporation, W. C. WHITE, County Assessor of
Lemhi County, EARL R. GILBREATH, Treasurer
and Tax Collector of Lemhi County, ROBERT B.
STOCKER, J. W. BROWN, THE COUNTY OF
LEMHI and WALLACE W. SLAVIN, Respondents;
THE BOISE LIVESTOCK LOAN COMPANY OF
CHICAGO, a Corporation, Appellant.

[241 Pac. 1022.]

MOTION TO DISMISS APPEAL—UNDERTAKING ON APPEAL—VALIDITY OF
TAX—MIGRATORY LIVESTOCK—LIABILITY OF MORTGAGEE.

1. An undertaking on appeal and *supersedeas* in one instru-
ment in a sum in excess of $300, which otherwise substantially
complies with the statute, is good as an undertaking on appeal.

2. The omission in an undertaking on appeal of the names of
certain of the adverse parties does not render the undertaking
void.

3. A judgment in favor of a defendant as against a codefend-
ant will be set aside on appeal where it appears from the
transcript that the defendant in whose favor the judgment was
made and entered interposed no answer and asked for no relief
against his codefendant.

APPEAL from the District Court of the Sixth Judicial
District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Motion to dismiss appeal, *denied*. Appeal from decree
holding mortgagee of migratory livestock conditionally liable
for taxes; decree *modified and affirmed*.

Dean Driscoll and E. H. Casterlin, for Appellant.

No defect in the undertaking was pointed out, as provided
in C. S., sec. 7168.

"No appeal can be dismissed for insufficiency of the under-
taking thereon if a good and sufficient undertaking approved
by a justice of the supreme court be filed in the supreme

41 Idaho—43

court before the hearing upon motion to dismiss the appeal.'' (C. S., sec. 7168.)

The amount of the bond being over $300, the bond is good as an appeal bond. (*Wall v. Woods,* 40 Ida. 522, 234 Pac. 145.)

The bond need not run to all the respondents. (*King v. Seebeck,* 20 Ida. 223, 118 Pac. 292; *First Nat. Bank of Decatur v. Preston Nat. Bank,* 85 Tex. 560, 22 S. W. 579; *St. Louis S. W. Ry. Co. v. Neal* (Tex. Civ. App.), 65 S. W. 49; *Creosoted Wood Block Paving Co. v. McKay* (Tex. Civ. App.), 234 S. W. 587; *Tittle v. Mann* (Tex. Civ. App.), 242 S. W. 310.)

Whitcomb, Cowen & Clark, for Respondents.

''An appellant is entitled to assign for error only such proceedings in the trial court as injuriously affect him, without regard to errors of which others might complain. . . . . Neither can he complain of errors . . . . which injuriously affect only his coparties, who are not in privity with him and do not appeal. Such errors can be reviewed only at the instance of parties affected thereby.'' (2 Cal. Jur. 840, sec. 493, and notes 15 and 18; 4 C. J. 692, 698; *Brueggestradt v. Ludwig,* 184 Ill. 24, 56 N. E. 419, 82 Ill. App. 435; *Moore v. Winstead,* 24 Ind. App. 56, 55 N. E. 777, 25 Ind. App. 56.)

Any objections made by appellant upon demurrer to the complaint, affecting codefendants not appearing, will not be considered, neither will any findings be reviewed which affect only codefendants and not the appellant. (*March v. Barnet,* 114 Cal. 375, 46 Pac. 152; *Dobbs v. Purington,* 136 Cal. 70, 68 Pac. 323; *Larkin v. Haralson,* 189 Ala. 147, 66 So. 459.)

In effect this suit is brought to free plaintiff's title from the lien of the personal property tax, and to quiet the same, and appellant has no interest therein. (*Tripp v. Duane,* 74 Cal. 85, 15 Pac. 439.)

The undertaking meets none of the requirements contained in C. S., secs. 7153 and 7154. The sureties become obligated

to persons who are not parties to this appeal, and to them only, and cannot be holden for any costs that may be awarded to the plaintiffs respondent. No appeal bond has been furnished for purposes mentioned in secs. 7153 and 7154; the only undertaking given was an attempted stay bond, in which the plaintiffs respondent have no interest and which gives them no benefit or protection. (*Wilson v. Doyle,* 12 Ida. 295, 85 Pac. 928; *Weiser River Fruit Assn. v. Feltham,* 31 Ida. 633, 175 Pac. 583; *Duffy v. Greenebaum,* 72 Cal. 157, 12 Pac. 74, 13 Pac. 323; *Hill v. Cassidy,* 24 Mont. 108, 60 Pac. 811.)

The undertaking must be conditioned according to law and the requirements of the statute. (*Swan v. Hill,* 155 U. S. 394, 15 Sup. Ct. 178, 30 L. Ed. 197; *Crowley v. Reilley,* 3 Ariz. 286, 29 Pac. 14; *Hill v. Herrick,* 3 Ariz. 313, 73 Pac. 399.)

In states such as this and California, where the statute does not require the undertaking to name the obligee, nevertheless it must be drawn to sufficiently comply with the statutes so that it may be inferred that the undertaking was given to and for the benefit of the opposite or adverse party, and so that such party will be entitled to enforce any award in his favor against the sureties named in the undertaking. (3 C. J. 1128, 1132; *Clerk's Office v. Heiffsteller,* 67 N. C. 449; *Gein v. Little,* 43 Misc. 421, 89 N. Y. Supp. 488.)

Richards & Haga, *Amici Curiae,* cite no authorities on points decided.

WM. E. LEE, J.—In an action in which E. A. Van Sicklin and W. E. Adams were plaintiffs and Mayfield Land & Livestock Company, the Boise Livestock Loan Company of Chicago, W. C. White, County Assessor, Earl R. Gilbreath, Treasurer and Tax Collector, Robert B. Stocker, J. W. Brown, D. R. Kendall, the County of Lemhi and Wallace W. Slavin were defendants, the court made and entered a decree in which Van Sicklin and Adams were granted certain relief against Lemhi county and its taxing officers and in

which Lemhi county was awarded certain relief against the Boise Livestock Loan Company of Chicago. Boise Livestock Loan Company of Chicago filed a notice of appeal which was directed to all the other defendants and Van Sicklin and Adams. An undertaking on appeal and *supersedeas*, in one instrument, was filed; it recites that the appeal is from that portion of the decree granting relief to Lemhi county against appellant, and is in the sum of $2,100.

The respondents Van Sicklin and Adams move to dismiss the appeal on three principal grounds. It is contended that the undertaking is not sufficient in amount for both an appeal and a *supersedeas*. From the decree it is not possible to determine the amount of the relief awarded by the decree against appellant, and we do not know why the amount of the bond was fixed at $2,100. Conceding, however, that the undertaking is insufficient in amount to cover both the appeal and *supersedeas*, it is sufficient as an appeal bond. (*Wall v. Woods*, 40 Ida. 522, 234 Pac. 145.) In so far as the conditions of the undertaking are concerned, it is substantially the same as the undertaking construed by this court in *Meservy v. Idaho Irr. Co., Ltd.*, 35 Ida. 257, 205 Pac. 559, and is sufficient.

The surety acknowledges itself bound " . . . . to the said defendants, Lemhi county, Idaho, and W. C. White, county assessor of Lemhi county, Idaho, and to the successor and successors in office of the said W. C. White to the effect . . . . " Since the undertaking runs to the county of Lemhi and its revenue officers and does not mention Van Sicklin and Adams, the latter argue that the bond is void and that this court is without jurisdiction to entertain the appeal. C. S., sec. 7154, provides that the undertaking on appeal must be executed on the part of the appellant to the effect that he will pay all damages and costs which may be awarded against him on the appeal or on a dismissal thereof, but it does not require that the undertaking contain the name of the adverse party whom the bond indemnifies. (*Downing v. Rademacher*, 136 Cal. 673, 69 Pac. 415.) Since the law does not require that the undertaking specify the names of

the parties whom it indemnifies, the mere omission of the names of Van Sicklin and Adams does not invalidate the undertaking. No insufficiency of the undertaking was pointed out, as provided by C. S., sec. 7154, and a new appeal bond was filed in this court on the service of the motion to dismiss. The motion is denied.

During 1920 and 1921 the Mayfield Company owned certain lands and migratory livestock. Taxes on such livestock for those years were entered on the tax records of the county against certain lands of the Mayfield Company. The taxes became delinquent. Appellant was a mortgagee of the livestock, which was sold and the proceeds applied on the mortgage indebtedness. Van Sicklin and Adams held and foreclosed a mortgage on certain lands of the Mayfield Company. The purpose of this action was to have such land relieved from the lien of the tax on the livestock. The decree accomplishes this purpose, and directs that, in the event such tax cannot be realized from the livestock, appellant is liable therefor and that it be collected from appellant. Neither Lemhi county nor any of its officers have appealed; nor do they contest the appeal.

Although it would seem that appellant is not directly affected by the decision of the trial court in any other respect than that it was held conditionally liable for the taxes on the livestock, it has specified numerous errors, attacking all the material findings and conclusions on which the decree rests. In view of our disposition of this appeal, since neither Lemhi county nor its taxing officers have appealed from the decree and have not complained of the action of the trial court in relieving the land of the lien of the taxes on the livestock, the county alone being primarily interested, we shall not enter on a discussion of the validity of the decree in this respect, although urged to do so by *amici curiae*.

Appellant contends that the question, in its final analysis, is whether a mortgagee of migratory livestock is chargeable for taxes assessed against such mortgaged property, and that

it must be determined solely from the provisions of the statute. This question is not before us. No valid judgment has been made and entered against appellant for the payment of any taxes on the migratory livestock, and even though a judgment for a definite sum had been made and entered in this action in favor of the county and against appellant it would have been erroneous. The county and appellant were codefendants. The record discloses that the county and its officers and appellant appeared and demurred to the complaint of Van Sicklin and Adams. The demurrers were overruled. Appellant answered and denied the material allegations of the complaint. The record contains no answer or cross-complaint of or in behalf of the county or of any of its officers. No pleadings or issues of any kind were framed by and between these two codefendants; the county asked for no relief against appellant and, therefore, no relief should have been awarded it as against appellant. (*Gile v. Wood,* 32 Ida. 752, 188 Pac. 36; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023.) Under the circumstances the trial court at least erred in directing that the tax on the livestock be recovered from appellant, in the event it could not be realized from the livestock.

The decree is modified by striking that portion authorizing the recovery by the county from appellant of any taxes assessed against the migratory livestock. As modified, the decree is affirmed. No costs were allowed by the trial court and we allow none.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

Petition for rehearing denied.