ARCHAMBAULT, Appellant, v. ZIMMERMAN, Respondent.

(208 N. W. 717.)

(File No. 5965. Opinion filed April 22, 1926.)

1. **Pleading—Sufficiency of Complaint to State Cause of Action Raised on Objection to Introduction of Evidence Involving Matter of Substance Should Be Tested in Same Manner as on Demurrer.**

   Under Rev. Code 1919, Sec. 2352, sufficiency of complaint to state cause of action raised on objection to introduction of evidence involving a matter of substance should be tested in same manner as on demurrer.

2. **Taxation—Actions—Authority of County Treasurers to Collect Delinquent Property Taxes by Civil Action Is Limited to Actions Against Persons to Whom Taxes Are Charged (Rev. Code 1919, Sec. 6822; Laws 1909, c. 209).**

   Under Rev. Code 1919, Sec. 6822, and Laws 1909, c. 209, authority of county treasurers to prosecute civil action for collection of delinquent personal property taxes is limited to actions against persons to whom such taxes are charged; otherwise procedure is by distress and sale.

3. **Taxation—Personal Property—Liens—County Treasurer Cannot Sue Persons Through Whom Has Passed Property Once Owned by Another Charged with Delinquent Taxes (Rev. Code 1919, Sec. 6822).**

   Under Rev. Code 1919, Sec. 6822, county treasurer cannot maintain civil action for collection of taxes against persons through whose hands has passed property once owned by person to whom delinquent personal taxes were charged.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Pleading, Key-No. 428(4), 31 Cyc. 761; (2) Taxation, Key-No. 572, 37 Cyc. 1240; (3) Taxation, Key-No. 584, 37 Cyc. 1240.

Appeal from Circuit Court, Corson County; Hon. W. F. Eddy, Judge.

Action by J. A. Archambault, Treasurer of Corson County, a public corporation, against D. B. Zimmerman. From a judgment on a directed verdict and an order denying new trial, plaintiff appeals. Affirmed.

*Harry R. Wilmsen,* State's Attorney, of McIntosh, and *Morrison & Skaug,* of Mobridge, for Appellant.

*McNulty, Williamson & Smith,* of Aberdeen, for Respondent.

MORIARTY, C.  This action was brought by appellant, who alleges in his complaint that he is the treasurer of Corson county, but does not allege that he brings the action on behalf of the county, or for its benefit.  The complaint alleges that during the years 1920, 1921, and 1922, a copartnership doing business under the name of C. O. D. Cattle Company owned certain personal property in Corson county, consisting largely of cattle.  It sets forth the character of said property, its assessed valuation for each of said years, and the amount of taxes due thereon for each of said years.  It alleges that no part of said taxes has been paid. It further alleges that after January 1, 1923, 230 head of cattle originally owned by the said C. O. D. Cattle Company were transferred to the defendant in said Corson county, and that in the fall of 1923 defendant shipped said cattle out of the state of South Dakota, thereby placing the said property beyond the reach of the court and destroying plaintiff's tax lien thereon, and that thereby defendant converted said property to his own use, to plaintiff's damage in the sum of $2,608.64, which is the entire amount of personal property taxes charged against the C. O. D. Cattle Company for the aforesaid three years.  But there is no allegation as to the value of the cattle which had thus passed through defendant's hands.

Defendant answered by a general denial coupled with other allegations of defense.

At the trial a jury was impaneled and sworn, but when appellant went on the stand as a witness respondent's counsel objected to the introduction of any evidence on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The trial court sustained the objection.  Thereupon the respondent's counsel moved for the direction of a verdict in his favor. This motion was granted, a verdict in respondent's favor was returned, by direction of the court, and judgment entered in accordance therewith.  From this judgment and an order denying a new trial this appeal is taken.

[1]  While the courts do not look with favor on objections to the introduction of evidence, such disfavor is based upon the theory that the fairer and more orderly way to determine the sufficiency of a pleading is upon demurrer, whereby one whose pleading is successfully attacked may have an opportunity to

amend without undue delay or expense. But our statute, section 2352, Revised Code of 1919, providing that a failure to demur or plead specially waives certain defects, specifically excepts from such waiver the objection that the complaint does not state a cause of action. So this objection should be entertained by the trial court, and where it appears from the complaint that the substance and not the form is involved, there should be no reluctance to test the sufficiency of the complaint in the same manner as upon demurrer.

Does the fact that the respondent purchased cattle upon which Corson county once held a tax lien, and shipped said cattle out of the state, give the treasurer of Corson county a right to recover all, or any part, of the unpaid taxes upon said cattle, in a personal action against respondent? The law makes it the duty of the county treasurer to collect the taxes due on all property within his county. That has been the duty of county treasurers ever since the organization of Dakota Territory. By chapter 209 of the Laws of 1909, county treasurers were authorized to maintain actions for the collection of personal taxes from persons against whom such taxes were charged, and who neither resided in the county nor owned property therein. But it was not until the enactment of section 6822 of the Revised Code of 1919 that this state had any general statute authorizing county treasurers to maintain actions for the collection of taxes. Section 6822 was enacted in 1915, and, so far as material to this appeal, provides as follows:

"When any personal taxes heretofore or hereafter levied, shall stand charged against any person, and the same shall not be paid within the time prescribed by law, the county treasurer whose duty it is to collect such taxes, in addition to any other remedy provided by law for the collection of such personal taxes, is expressly authorized to enforce the collection thereof by a civil action in the Circuit Court of his county, in his name as such treasurer, against such person for the recovery of such unpaid taxes."

Prior to the passage of section 6822, this court has repeatedly held that distress and sale of the property to which the tax lien had attached was the only and exclusive method of procedure for the collection of delinquent personal property taxes. Acme Harvesting Machine Co. v. Hinkley, 122 N. W. 482, 23 S. D. 509, 21

Ann. ·Cas. 743; Brule County v. King, 77 N. W. 107, 11 S. D. 294; Iowa Land Co. v. Douglas County, 67 N. W. 52, 8 S. D. 491; Cooley on Taxation, § 300; Danforth v. McCook County, 76 N. W. 940, 11 S. D. 258, 74 Am. St. Rep. 808; Hanson County v. Gray, 80 N. W. 175, 12·S. D. 124, 76 Am. St. Rep. 591.

[2]   Section 6822 specifically limits the authority of county treasurers to the maintenance of civil actions against persons against whom the taxes are charged. With the exception of this limited authority, the powers of county treasurers are exactly the same as they were when this court decided that the only procedure for the enforcing of the collection of personal property taxes was by distress and sale. It follows that the only authority which county treasurers now have, in the matter of prosecuting civil actions for the collection of such taxes, is the right to prosecute such actions against persons to whom such taxes are charged.

[3]   The defendant in the instant case is not the person against whom the taxes are charged. With the exception of this county treasurers maintaining civil actions, for the collection of taxes, against persons through whose hands has passed property once owned by the person to whom delinquent personal taxes were charged.

We find no error in the record, and the judgment and order appealed from are affirmed.

CAMPBELL, J., disqualified and not sitting.

SHERWOOD, J., not sitting.