(No. 5119. June 4, 1929.)

LEMHI COUNTY, IDAHO, on Relation of EARL R. GIL-BREATH, in His Official Capacity as Tax Collector of Lemhi County, Idaho, Appellant, v. BOISE LIVE-STOCK LOAN COMPANY, a Corporation, and SALMON SHEEP COMPANY, a Corporation, Respondents.

[278 Pac. 214.]

Francis R. Hall, Jr., and L. E. Glennon, for Appellant.

E. H. Casterlin and Dean Driscoll, for Respondents.

VARIAN, J.—Appellant brought this action to obtain possession of certain sheep and livestock assessed for the years 1920 and 1921 to Mayfield Land & Livestock Company, a corporation, and in case said property cannot be returned, for personal judgment against respondents for the amount of said taxes, penalties and interest. Respondents demurred jointly to the second amended complaint, pleading among other grounds that each of the two causes of action was barred by the provisions of C. S., sec. 6611. The demurrer was sustained on that ground, and appellant appeals from a judgment of dismissal thereafter entered.

The only question involved in this appeal is whether the court erred in holding the causes of action barred by the statute of limitations. (C. S., sec. 6611.) Appellant concedes that personal actions for the recovery of a tax are barred by the statute. It is contended that this is an action to obtain possession of the property in order to subject it to the payment of the lien, and is therefore not barred.

C. S., sec. 3268, provides that all taxes levied under the provisions of chap. 144 shall be a lien upon the personal property so assessed, and C. S., sec. 3097, provides that the lien "shall only be discharged by the payment, cancellation, or rebate of the taxes as provided in this chapter." (*Scottish American Mtg. Co. v. Minidoka County,* 47 Ida. 33, 272 Pac. 498.)

When the right to collect the taxes involved in this action accrued, appellant had several statutory methods which it might have employed in collecting them. C. S., sec. 3272, amended Sess. Laws 1921, chap. 145, sec. 1, p. 333, provided that if any tax due on personal property was not paid on demand or payment secured, the assessor must distrain and sell so much of said property as might be necessary to pay said taxes, or forthwith bring suit with attachment for

such taxes or the estimated amount thereof. Under C. S., sec. 3321, amended Sess. Laws 1921, chap. 145, sec. 3, p. 333, the assessor was authorized to collect by suit in the name of the county, "in which suit an attachment may be issued against any property" belonging to the owner of said personal property assessed. Again, C. S., sec. 3313, provided that. "the assessor must seize and sell so much of such peronal property or any other property" of the person assessed, sufficient to pay such tax "as estimated by the assessor." C. S., secs. 3272, 3313, and 3321, were taken from the 1917 statutes amended in 1919 (Sess. Laws 1919, chap. 75, pp. 262, 270, 271, amending Comp. Laws, chap. 133:150, 133:188, and 133:196, which were amending sections of the act of 1917; see Sess. Laws 1917, p. 129, sec. 150; p. 143, sec. 188; p. 144, sec. 196). Prior to the amendment of sec. 6, art. 18, of the constitution, at the election held in November, 1928, C. S., secs. 3272, 3313, and 3321, were unconstitutional and void, because that section of the constitution did not then authorize the *assessor* to collect taxes.

The amendatory act of 1919 (carrying C. S., secs. 3272, 3313, and 3321), being void under the constitution, had no force or effect, and cannot operate to repeal Compiled Laws, chaps. 133:150, 133:188 and 133:196 (being said secs. 150, 188, and 196, Sess. Laws 1917, chap. 55, secs. 1, 2), either by direct terms or by implication. (36 Cyc., p. 1098; *Bissett v. Pioneer Irrigation District*, 21 Ida. 98, 120 Pac. 461.) These remedies were therefore open to appellant up to the time of the commencement of the present action. In 1927, the legislature repealed C. S., secs. 3272 and 3321, and provided in lieu thereof a different manner of proceeding to enforce tax liens by suit. (Sess. Laws 1927, chap. 263, p. 572.)

At the time these taxes accrued, appellant was likewise entitled to a lien upon the real property of the person owning the personal property assessed. Apparently appellant relied upon this lien and it failed, for what reason does not appear from the pleadings here.

Briefly, the statutes in force when these taxes were delinquent and at the time the present action was com-

menced, provided the personal property taxes might be collected by distraint or by suit in the name of the county, aided by attachment against property of the owner of the property taxed. The general rule is that where the statute provides the procedure for collecting taxes, that remedy is exclusive, except in cases where the statutory remedy is inadequate "or has been exhausted without satisfaction" (37 Cyc., pp. 1233, 1234), and prohibits the maintenance of an action at law. (37 Cyc., p. 1241; 3 Cooley on Taxation, 4th ed., sec. 1330, p. 2630; *Marble v. Oliver Mining Co.*, 172 Minn. 263, 215 N. W. 71; *State v. Jefferson County Bank*, 200 Ala. 287, 76 So. 53; *Archambault v. Zimmerman*, 50 S. D. 130, 208 N. W. 717; *Midland Guaranty & Trust Co. v. Douglas County*, 217 Fed. 358, 133 C. C. A. 274.) The statutes gave appellant an adequate remedy, either by distraint or suit aided by attachment, and a replevin action will not lie in the absence of a showing that the remedies by distraint and attachment, authorized by Comp. Laws, chap. 133, secs. 150, 196, *supra*, have been exhausted without full satisfaction of appellant's claim. Nor will equity take jurisdiction in a suit to enforce the tax lien, the statutory method of enforcement and collection of the lien being adequate and complete. (*Kansas City v. Field*, 285 Mo. 253, 226 S. W. 27.) The only theory by which the present case can be maintained, under the facts and circumstances plead, is that it is such an action as is authorized by the provisions of Comp. Laws, chap. 133, sec. 196.

Under our statute (C. S., sec. 6611), "an action upon a liability created by statute, other than a penalty or forfeiture," must be commenced within three years.

■ The limitations prescribed apply to actions brought in the name of, or for the benefit of, the state, in the same manner as actions by private parties (C. S., sec. 6618), and therefore apply to actions brought by counties. (*Bannock County v. Bell*, 8 Ida. 1, 101 Am. St. 140, 65 Pac. 710; *Blaine County v. Butte County*, 45 Ida. 193, 261 Pac. 338.)

■■ The language of C. S., sec. 3097, to the effect that the tax lien "shall only be discharged by the payment, cancellation, or rebate of the taxes," does not operate to take its

enforcement out of the general statutes of limitation. Statutes of limitation are statutes of repose so far as civil actions are concerned (*State v. Steensland*, 33 Ida. 529, 13 A. L. R. 1442, 195 Pac. 1080), and do not extinguish the lien. They apply to the remedy, and cut off the right of enforcement, although the lien still exists. (*Mendini v. Milner, ante,* p. 439, 276 Pac. 313.)

In considering a similar statute, the supreme court of Nevada in an early case said:

"All that can be claimed under the statute quoted is, that the lien created continues indefinitely, or until the tax is paid, or the property is sold under tax sale." (*State of Nevada v. Yellow Jacket S. M. Co.,* 14 Nev. 220.)

Other states, under somewhat analogous statutes, have followed the rule announced in the Nevada case cited. (*City of San Diego v. Higgins,* 115 Cal. 170, 46 Pac. 923; *Dranga v. Rowe,* 127 Cal. 506, 59 Pac. 944; *Woods v. Hyde,* 64 Cal. App. 433, 222 Pac. 168; *Board of Commissioners v. Storey,* 26 Mont. 517, 69 Pac. 56.)

Fundamentally, this is a suit to collect a tax, and is therefore an action upon a statutory liability to which the statute will apply (37 C. J., p. 784; 16 Cal. Jur., p. 474; and cases cited *post*), and unless facts are plead showing the tolling of the statute, the action is barred, more than three years having elapsed since the taxes levied for either 1920 or 1921 became delinquent.

Appellant pleads the following facts as tolling the running of the statute: That prior to September 17, 1920, respondent Boise Livestock Loan Company, of Chicago, virtually became the owner of the taxed personal property by virtue of a chattel mortgage thereon to secure an indebtedness in excess of the true value of said property; that respondent Salmon Sheep Company is a subsidiary of its said co-defendant, and the transfer of the property to said Salmon Sheep Company was virtually a transfer to said Boise Livestock Loan Company, of Chicago; that on or about November 16, 1922, an action was commenced, in the same court where the present action was brought, wherein E. A. Van Sicklin and W. E. Adams were plaintiffs, and Mayfield

Land & Livestock Company, W. C. White, assessor of Lemhi County, Earl R. Gilbreath, treasurer of said county, Robert B. Stocker, J. W. Brown, Lemhi County, Idaho, Wallace W. Slavin, and Boise Livestock Loan Company were defendants, involving the same taxes in question in this case, "and particularly the right of Lemhi County to assert and maintain its lien upon the real property belonging to the said Mayfield Land & Livestock Company, at the time of the assessment and levy of said taxes"; that a judgment was entered in said action discharging from said real property the lien of said taxes, declaring the same to be a lien upon the personal property therein described, and directing the tax collector to proceed to distrain and sell the said personal property for the payment of said taxes, and in case said personal property was not available for that purpose, declared said Boise Livestock Loan Company, of Chicago, personally liable for the amount of said tax; that, relying upon the validity of said judgment and the right to collect said taxes in accordance with the provisions thereof, appellant and other officers of Lemhi County refrained from taking an appeal from said judgment, and were proceeding to collect said taxes in accordance with the provisions of said judgment, when it was prevented by Boise Livestock Loan Company, of Chicago, taking an appeal to the supreme court and filing a *supersedeas* bond staying further proceedings in said action until said appeal was determined; that on November 27, 1925, the supreme court modified and affirmed said judgment, "the effect of said decision being to affirm the portion of the judgment . . . . relieving the real property of the lien of the personal property taxes, and setting aside and declaring void the portion of said judgment in favor of Lemhi County"; that thereafter the supreme court denied Lemhi County's petition for a rehearing in said cause; that Mayfield Land & Livestock Company, "the owner of the aforesaid property at the time said taxes became a lien thereon, was, and now, is, totally insolvent."

The report in *Van Sicklin v. Mayfield Land & Livestock Co.*, 41 Ida. 673, 241 Pac. 1022, shows that the Boise Live-

stock Loan Company of Chicago, was the sole appellant. This court said (41 Ida. 678, 241 Pac. 1023):

"The county and appellant were codefendants. The record discloses that the county and its officers and appellant appeared and demurred to the complaint of Van Sicklin and Adams. The demurrers were overruled. Appellant answered and denied the material allegations of the complaint. The record contains no answer or cross-complaint of or in behalf of the county or of any of its officers. No pleadings or issues of any kind were framed by and between these two co-defendants; the county asked for no relief against appellant and, therefore, no relief should have been awarded it as against appellant."

The issues involved in the present action were not properly raised in the case of *Van Sicklin v. Mayfield Land & Livestock Co., supra,* and were not before the court in that case. The appeal in that case did not prevent appellant from enforcing by action the remedy sought to be pursued here.

"But in order that the pendency of other proceedings shall have the effect to toll the statutes of limitations upon a cause of action, the proceedings must be such as to prevent enforcement of the remedy by action." (37 C. J., p. 1040; *Lindholm v. Heithecker,* 113 Kan. 96, 213 Pac. 671.)

The subject matter of the action brought by Van Sicklin only had to do with the lien upon the real property authorized by C. S., sec. 3304. As it could not, on account of not having plead its cause of action, avail itself of any remedy against the personal property in that case, appellant was not concluded by the appeal or *supersedeas* from bringing the present action at any time. When the instant action was commenced, the statute had run, and the facts pleaded do not operate to toll the running of the statute.

Judgment affirmed, with costs to respondents.

Givens, T. Bailey Lee and Wm. E. Lee, JJ., and Brinck, D. J., concur.