(No. 5626. December 4, 1930.)

STATE ex rel. E. G. GALLET, State Auditor, Appellant, v. JOHN L. NAYLOR and GEORGE N. LAMPHERE, Respondents.

[294 Pac. 333.]

W. D. Gillis, Attorney General, and Alfred C. Cordon, Assistant Attorney General, for Appellant.

114

A. L. Morgan, for Respondents.

LEE, J.—Defendant and respondent, John L. Naylor, and Rebecca E. Naylor, his wife, were seised and possessed of a large amount of community property situate in the counties of Latah, Idaho, Nez Perce and Clearwater. The wife died intestate on July 2, 1924, her surviving husband succeeding to her undivided one-half interest in said property, a small tract of which he thereafter conveyed to the respondent, George N. Lamphere.

Plaintiff and appellant, State of Idaho, on the relation of E. G. Gallet, State Auditor, filed a petition in the probate court of Latah county, reciting the foregoing facts, alleging "that upon the death of the said Rebecca E. Naylor a transfer took place by the intestate laws of this state from the said Rebecca E. Naylor to the said John L. Naylor and within the meaning of chapter 148, Compiled Statutes of Idaho, and particularly section 3371 thereof," which section provides for a transfer tax on "all property which shall pass, by will or the intestate laws of this state, from any person who may die seised or possessed of the same while a resident of this state, etc." After stating that the amount of such tax had neither been determined nor any proceeding to that end instituted, the petition prayed that the court proceed to issue the required citation to all parties interested, and, after hearing thereon, determine the amount of the tax due, and certify its order to the county recorder of said county.

Respondents, having been served with citation, filed a demurrer, both general and special, invoking the bars of limitation provided by C. S., secs. 6611 and 6617; they also filed an answer. Later, a stipulation was filed, the court heard the matter and found that no transfer had been made to respondents within the meaning of the "Transfer and Inheritance Tax Act of the State of Idaho." On appeal, the district court sustained the demurrer and dismissed the petition. From the judgment of dismissal, the state appealed, contending that the deceased wife's community interest was subject to the transfer tax, that the law at that time provided machinery for its collection, and that respondents are estopped from setting up the bars of the statutes of limitations, in that it was the duty of the surviving husband to set the machinery in motion by initiating some proceeding in the probate court. In support of the last proposition, appellant relies upon *Riley v. Howard,* 193 Cal. 522, 226 Pac. 393.

Granting, for the sake of argument, that the wife's interest was subject to the tax and that at the time there

was existing machinery for the collection of it, the fact remains that the machinery was never set in motion until long after the expiration of the period fixed by the statute, to wit, C. S., sec. 6611, made applicable to the state by C. S., sec. 6618. *Riley v. Howard, supra,* was based directly upon a statute practically identical with C. S., sec. 3376, dealing exclusively with future and contingent interests concerning which the person or persons beneficially interested therein were required to perform certain duties, among which was that of filing in the probate court and the office of the county recorder "a full and verified return" of the property subject to the tax. No such situation confronts us here. C. S., secs. 3379, 3384, 3388, 3389 and 3395, prescribing the then procedure for collecting this tax contemplated only estates which had been administered, were being administered or should have been administered. In none of these except C. S., sec. 3384, was there any provision for action upon the part of a beneficiary, and then, only in the probate court in which the proceedings were pending. By "probate proceedings" is meant proceedings affecting the usual administration of estates, not such a summary proceeding in the probate court as was authorized by chap. 118, 1923 Sess. Laws, "to establish a record title to community property upon the death of the wife." For at the time the above statutes were passed, there was no such thing as chap. 118. And chap. 118 imposed no duty upon anyone to assist the state in collecting the tax, the sole purpose of the legislature having been to enable a surviving husband to show record title to his deceased wife's share of the community property.

At the time of deceased's death in 1924, C. S., sec. 7803, carrying the amendment furnished by said chap. 118 specifically provided that "no administration of the estate of the wife shall be necessary, if she dies intestate." Instead of respondent Naylor having been obligated to do something to motivate the tax machinery, a thing he could not do until initiation of probate proceedings, he was told there was no need of administration at all. This relieved him of any duty in the premises.

The statute began to run upon the death of deceased. (C. S., sec. 3378.) It may be argued that the statute was tolled by the provision of this same section that the tax shall remain a lien upon real estate upon which it is chargeable until the same is paid. But this contention was effectually disposed of in *Lemhi Co. v. Boise Live Stock Loan Co.*, 47 Ida. 712, 718, 278 Pac. 214, 216, wherein it was announced that as far as civil cases are concerned statutes of limitation are statutes of repose and "cut off the right of enforcement, although the lien still exists."

Judgment affirmed.

Givens, C. J., Varian and McNaughton, JJ., concur.