(No. 7061.   December 15, 1942.)

CHRIS A. HAGAN and ALFRED HAGAN, Respondents, v. S. S. YOUNG et al., Defendants, STATE OF IDAHO, Appellant.

[132 Pac. (2d) 140.]

Bert H. Miller, Attorney General, and R. W. Beckwith, Assistant Attorney General, for appellant.

J. H. Felton for respondents.

AILSHIE, J.—For many years prior to 1928, George H. Cushing, Etta A. Cushing, his wife, and Chris A. Hagan, and Harriet B. Hagan, his wife, were associated in business at Moscow, under the corporate name of "Hagan and Cushing Co." Each owned a one-fourth interest in the following described real property:

"Lot Eleven (11) in Block Two (2) of the West Part of Moscow, as shown by the recorded plat thereof."

On the records of the county, the property stood in the names of Chris A. Hagan and George H. Cushing.

February 7, 1928, Etta A. Cushing died; her will was probated April 30, 1928, and distribution of her property made to her husband, as sole heir and devisee, December 19, 1928. He was appointed executor of her estate, which, by inventory and appraisement, July 3, 1928, amounted to $43,492.50. Although affidavit of the executor stated that all property, coming to his knowledge or possession, was contained in the appraisement, the property in question was not included; and no inheritance tax was paid to the state on the interest of Mrs. Cushing. An inheritance tax of $416.12 was paid on the market value of the property returned in the inventory, totaling $36,075.50.

October 14, 1934, George H. Cushing died. On the probate of his estate, the undivided one-half interest in lot 11 was purchased by Chris A. Hagan for $6,000 at executor's sale. On the death of Harriet B. Hagan, her interest in the lot was left equally to her husband and son, Chris A. and Alfred E. Hagan, respectively. Since that time the Hagans have been the owners of the property and have paid all taxes thereon.

This action was brought to quiet the Hagans' title to the property in question; and the state was made a party defendant, under Sec. 14-419, subd. 3, I. C. A. The state set up an affirmative defense and cross-complaint, praying the court to determine and assess the amount of inheritance tax due the state from the Etta A. Cushing estate on this property.

The court found that plaintiffs are the owners in fee simple and entitled to possession of the lands in question; and that they are entitled to a judgment quieting title against the defendants, except only the state; that the state cannot maintain an action for recovery of the tax due, by reason of the bar of the statute of limitations; but that the plaintiffs are not entitled to quiet their title as against the tax, for the reason that the tax has not been paid. From the judgment, dismissing the cross-complaint of the estate, the state has appealed.

Exception is taken by respondents to the sufficiency of appellants' assignments of error but, in view of the full

discussion contained in the briefs on the sole issue involved, we have concluded to pass directly to consideration of the merits of the case.

The only question before us on this appeal is the conclusion of law reached by the trial court, "That the defendant, the State of Idaho, cannot maintain an action for the recovery of tax due on said premises by reason of the bar of the statute of limitations". In the consideration of this case, we must bear in mind that the rights of the state and the cause of action, if any, existing in the state, entitling it to relief, arose under the provisions of Chap. 148 of the Idaho Compiled Statutes of 1919, as embodied in Secs. 3371-3395, C. S., inclusive.

The estate of Etta A. Cushing had been administered and probate proceedings closed prior to the repeal of C. S., Chap. 148, and the enactment of Chap. 243 of the 1929 Session Laws, as approved March 16, 1929. The decision, therefore, in this case should be ruled by *State v. Naylor,* 50 Ida. 113, 294 P. 333. It is there held, under a somewhat similar state of facts arising under Chap. 148, C. S., that "The statute began to run upon the death of deceased. (C. S., Sec. 3378.)" Under the rule stated in the Naylor case, for the running of the statute of limitations in such cases, this cause of action accrued Feb. 7, 1928 (date of death of Etta A. Cushing); and the cross-complaint herein was filed by the state December 4, 1941, after a lapse of more than thirteen years.

The Hagans had no constructive notice that an unpaid tax was due the state; nor does it appear that they had actual notice of any such fact; they made a bona fide purchase for full cash value in an open market. (8 C. J., p. 1146, note 91; 511 C. J. S., Bona Fide Purchaser, p. 388; *Frankish v. Federal Mtge. Co.,* 30 Cal. App. (2d) 700, 87 P. (2d) 90, 97.) The statute placed no burden or responsibility on them to inquire, beyond the public records, as to possible claims or liens not of record. Neither actual nor presumptive fraud appears that would either toll the bar of the statute or estop respondents from pleading the limitation.

We recognize the fundamental rule, that statutes of limitations do not run against the state unless the legislature has specifically provided that they may do so. (*Dietemann v. People,* 76 Colo. 378, 232 P. 676; In re

Batt, 41 N. E. (2d) 365, 139 A. L. R. 1391 and note.) Here the statute of limitations applied to the state as well as to individual and private business. (Sec. 14-404, I. C. A.; *State v. Naylor*, 50 Ida. 113, 294 P. 333; C. S., Sec. 3378.)

It is not deemed necessary or useful to consider further questions argued on behalf of appellant in relation to the duties and liabilities of executors, administrators, probate courts, and county and state officers, in relation to the collection of transfer or inheritance taxes, under the provisions of Chap. 148 of the 1919 Compiled Statutes, since that chapter has been repealed and a new act has been adopted to take its place. (Chap. 243, 1929 Sess. Laws; Chap. 4, Title 14, I. C. A., comprising Secs. 14-401, 14-428, inclusive.)

Judgment affirmed. No costs awarded.

Givens, C. J., Budge and Holden, JJ., and Sutton, D.J., concur.