**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 47984**

| | | |
|---|---|---|
| ADA COUNTY, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, April 2021 Term |
| | ) | |
| v. | ) | Filed: June 18, 2021 |
| | ) | |
| PHILLIP J. BROWNING, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CONSOLIDATED SUPPLY CO., IDAHO | ) | |
| STATE TAX COMMISSION, | ) | |
| WILMINGTON SAVINGS FUND | ) | |
| SOCIETY, FSB, as Trustee of Stanwich | ) | |
| Mortgage Trust A, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Steven Hippler, District Judge.

The decision of the district court is <u>reversed</u> and <u>remanded</u>.

Idaho Injury Law Group, PLLC, Boise, attorneys for Appellant. Seth Diviney argued.

Ada County Prosecutor's Office, Boise, attorneys for Respondent. Claire Tardiff argued.

_____

BEVAN, Chief Justice

This case concerns the district court's refusal to award Appellant Phillip Browning attorney fees under Idaho Code section 12-117 after he successfully defended an attempt by Ada County ("the County") to foreclose a medical indigency lien on his home. The district court found the County acted reasonably because it had argued an issue of first impression—whether medical indigency liens arising under Idaho Code section 31-3504(4) are subject to a statute of limitations.

1

Phillip appeals arguing the district court abused its discretion when it declined to award him attorney fees because the County's arguments were either not a matter of first impression or, if they were, the County's arguments were without a reasonable basis in fact or law. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2000, Gloria and Marvin Browning filed a Uniform County Medical Assistance Application requesting the County provide financial assistance for necessary medical treatment as provided for by Idaho Code section 31-3501, *et seq*. As required by Idaho Code section 31-3504(4), an automatic lien attached to Gloria and Marvin Browning's real property located at 3939 Lemhi Street, Boise, Idaho, ("Lemhi Property"). The lien amounted to $10,989.65, the total amount of medical bills paid by the County.

Marvin and Gloria passed away in 2004 and 2006, respectively. The Lemhi Property then underwent multiple ownership changes, all by way of quitclaim deeds. Relevant here, the Lemhi Property passed to Phillip through quitclaim deed on April 12, 2012. The lien remains unsatisfied to this date.

In an attempt to collect on the lien, on October 4, 2018, the County initiated foreclosure proceedings against Phillip, the current owner of the Lemhi Property. Phillip answered, denying the validity of the lien and asserting the statute of limitations barred the County's foreclosure action, among other things. The County moved for summary judgment arguing no genuine issue of fact existed as to the existence and validity of the lien, and, as such, the County was entitled to a judgment of foreclosure. The County also argued no statute of limitation existed governing the foreclosure of the lien, nor was the lien subject to expiration. Phillip also moved for summary judgment, arguing the County failed to produce "evidence that a lien was created, perfected, assigned a numerical value, that Phillip Browning [wa]s subject to a personal judgment, and that the foreclosure action was actionable at the time the lawsuit was filed [i.e., that the action was barred by the statute of limitations]."

The district court issued its memorandum and order on the parties' cross-motions for summary judgment. The district court found that medical indigency liens are subject to the three-year limitation period set out in Idaho Code section 5-218(1), or, alternatively, subject to the four-year limitation period set out in Idaho Code section 5-224. The district court then found the

2

County's right to foreclose on the Lemhi Property began on September 3, 2007.[1] As a result, the district court ruled sections 5-218(1) and 5-224 barred the County from pursuing its action against Phillip, which the County initiated over eleven years after September 3, 2007.

After the district court's summary judgment ruling in his favor, Phillip moved the district court to award him attorney fees and costs pursuant to Idaho Code section 12-117.[2] The County objected, arguing, among other things, that it presented a matter of first impression: "[w]hether medical indigency liens arising under Title 31 of the Idaho Code are subject to a statute of limitations[.]" The district court issued its memorandum and order on fees and costs on January 29, 2020. The district court initially found Phillip waived his right to attorney fees and costs because he failed to comply with Idaho Rule of Civil Procedure (I.R.C.P.) 54(d)(4). The district court also explained even if Phillip had not waived his right to attorney fees, Phillip had no right to attorney fees under Idaho Code section 12-117 because the County reasonably raised an issue of first impression.

Phillip moved the district court to reconsider.[3] The district court, on reconsideration, found Phillip did not waive his right to attorney fees and costs. Even so, the district court concluded that attorney fees were unwarranted under section 12-117. Phillip timely appealed.

## II. ISSUE ON APPEAL

1. Did the district court abuse its discretion when it denied Phillip's request for attorney fees under Idaho Code section 12-117(1)?

## III. STANDARD OF REVIEW

"This Court reviews a district court's denial of attorney fees under [Idaho Code section] 12-117 for an abuse of discretion." *Buckskin Props., Inc. v. Valley Cnty.*, 154 Idaho 486, 498, 300 P.3d 18, 30 (2013). When reviewing an alleged abuse of discretion, this Court asks whether the

---

[1] A lienholder may initiate a foreclosure on property subject to a medical indigency lien no earlier than one year after the death of the subject person when no personal representative has been appointed to administer the person's estate. I.C. § 56-218(6)(c)(1). The district court found the County had a right to foreclose on the Lemhi Property on September 3, 2007, because Gloria died on September 3, 2006, and her estate had not been probated, subjecting the County to the conditions of either Idaho Code section 56-218(6)(c)(i) or section 5-224.

[2] Originally, Browning sought attorney fees under Idaho Code sections 12-120(3), 12-121, and 12-117. At the hearing on attorney fees, Browning clarified he was only seeking attorney fees under section 12-117.

[3] Browning originally filed the motion to reconsider as a motion to amend judgment. However, Browning later clarified he was moving the district court to reconsider its order regarding attorney fees and costs under I.R.C.P. 11.2(b). The district court applied the standards governing motions to reconsider in denying Browning's motion.

3

trial court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## IV. ANALYSIS

This case is limited to one issue: whether the district court abused its discretion when it denied Phillip's request for attorney fees under Idaho Code section 12-117. In answering that question, an analysis of medical indigency liens and applicable statutes of limitations is necessary. Even so, the parties do not ask this Court to interpret any of the statutes discussed below; instead, the parties ask us to determine how the existence of those statutes should have informed the district court's analysis of whether the County *reasonably* presented an issue of first impression before it. Based on our analysis, we reverse and remand for the district court to award reasonable attorney fees to Phillip.

**A.      The district court abused its discretion when it denied Phillip's request for attorney fees under Idaho Code section 12-117.**

The district court declined awarding Phillip attorney fees under section 12-117 after determining the County presented an issue of first impression and thus the County acted with a reasonable basis in fact or law. The district court defined the issue of first impression as follows: "whether medical indigency liens arising under Title 31 of the Idaho Code were subject to a statute of limitations[.]" The district court reasoned: "[b]ased on the dearth of authority and relatively obscure nature of medical indigency liens, it was not unreasonable for the County to contend that, due to the failure of the legislature to prescribe a duration to the lien, the County's ability to foreclose transcended a limitation period."

Phillip argues the district court abused its discretion when it denied his request for attorney fees under Idaho Code section 12-117. According to Phillip, the district court abused its discretion by relying on facts not in the record, by finding Idaho Code sections 5-201, 5-218, and 5-224 did not explicitly apply to medical indigency liens, by misapplying *Lemhi County v. Boise Livestock Loan Company*, 47 Idaho 712, 278 P. 214 (1929), and by ignoring several baseless claims made by the County. Phillip maintains he is entitled to attorney fees under section 12-117 and such an award furthers the statute's purpose, deters the government from pursuing baseless claims against indigents, and motivates attorneys to defend indigents with meritorious claims.

4

Idaho Code section 12-117 permits courts to award attorney fees to prevailing parties in certain instances. Section 12-117, in relevant part, provides:

> Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees . . . if it finds that the nonprevailing party acted without a reasonable basis in fact or law.

I.C. § 12-117(1). A political subdivision is defined as "a city, *a county*, any taxing district or a health district." I.C. § 12-117(6)(d) (emphasis added). "Title 31, Chapter 35 of the Idaho Code (Medical Indigency Act) requires counties to provide medical care for indigents . . . by paying providers for medical treatment rendered to indigents." *St. Luke's Reg'l Med. Ctr., Ltd. v. Bd. of Comm'rs of Ada Cnty.*, 146 Idaho 753, 755, 203 P.3d 683, 687 (2009) (citing I.C. § 31-3503). "[T]he legislature's general intent in enacting the medical indigency assistance statutes is twofold: [1] to provide indigents with medical care and [2] to allow hospitals to obtain compensation for services rendered to indigents." *Id*. (quoting *Univ. of Utah Hosp. v. Ada Cnty. Bd. of Comm'rs*, 143 Idaho 808, 810, 153 P.3d 1154, 1156 (2007)).

"Upon the application for financial assistance pursuant to [the Medical Indigency Act] an automatic lien shall attach to all real and personal property of the applicant and on insurance benefits to which the applicant may be entitled." I.C. § 31-3504(4). Section 31-3504(4) does not provide an expiration date or renewal scheme for the lien, which, in effect, establishes that the lien exists in perpetuity. *See In re Hendricks*, 2010 WL 744259, *2–4 (B.R. Idaho Mar. 1, 2010) (explaining "[t]he statute creating the lien in favor of the county for indigent medical benefit payments does not set forth an expiration date or renewal scheme for the lien" thus, the lien is perpetual and extinguishes only upon satisfaction). It is common for statutory liens to have no specific expiration date, especially those protecting governmental entities. *See, e.g.,* I.C. § 43-2519 (creating a lien that continues "until paid, and until paid, such lien shall not be subject to extinguishment for any reason whatsoever[.]"); I.C. § 63-206 (explaining that property taxes levied "shall only be discharged by the payment or cancellation of the property taxes[.]").

Almost one hundred years ago, in *Lemhi County*, this Court established the principles we affirm today. There, the Court directly addressed the interplay between a statutory lien's duration and the statute of limitations within which to enforce claims. *Id*. at 714–15, 278 P. at 216–17. The statute at issue there, which is now largely included in Idaho Code section 63-206, provided: "all

taxes levied . . . shall be a lien upon the personal property so assessed, and [the statute] provides that the lien shall only be discharged by the payment, cancellation or rebate of the taxes as provided[.]" *Id.* at 713, 278 P. at 215 (internal quotations omitted). This Court explained the perpetual nature of a tax lien does not immunize such a lien from the enforcement restraints provided by statute: "the effect that the tax lien shall only be discharged by the payment, cancellation or rebate of the taxes, does not operate to take its enforcement out of the general statutes of limitation." *Id.* at 714, 278 P. at 216 (internal quotations omitted). This Court continued, "[s]tatutes of limitation are statutes of repose so far as civil actions are concerned . . . and do not extinguish the lien. They apply to the remedy, and cut off the right of enforcement, although the lien still exists." *Id.* (internal citation omitted). Ultimately, this Court held that the lien was a statutory lien and the applicable three-year limitation period enumerated in what is now Idaho Code section 5-218(1) barred the action. *Id.* at 715, 278 P. at 217 ("Fundamentally, this is a suit to collect a tax, and is therefore an action upon a statutory liability to which the statute will apply … and, unless facts are pleaded showing the tolling of the statute, the action is barred." (internal citation omitted)).

*Lemhi County* is not the only authority in this area. Much more recently, in *Hendricks*, the bankruptcy court for the District of Idaho explained medical indigency liens, their duration, and noted how a statute of limitation might impede a collector's ability to pursue an action against a debtor. 2010 WL 744259, at \*4–5. There, the court explained how "the Idaho Legislature is comfortable with the notion of creating statutory liens, especially those protecting governmental entities, with no fixed duration." *Id.* at \*4. It went on: "[t]he legislature has not seen fit to assign a specific duration to medical indigency liens, and the [c]ourt may not judicially impose such a limitation." *Id.* at \*5. Even so, the court noted the self-evident difference between a lien's duration and the ability to enforce claims in accordance with applicable limitation periods. *Id.* It determined, "while the County may lose its right to bring an action to collect Debtor's underlying debt under the County Program, its statutory lien will nonetheless continue in effect. Even if the County's claim is no longer enforceable by legal action against Debtor, the statutory lien remains vital." *Id.* Thus, Idaho's bankruptcy court, eight years before Ada County filed its foreclosure action here, explained the distinction between a non-expiring lien and an enforceable one. While the holding of the bankruptcy court is not binding on this Court, when coupled with the statement of the Court in *Lemhi County*, the unenforceability of an outdated medical indigency lien is clear.

6

Turning to this case, the district court recognized that *Lemhi County* had not been applied to medical indigency liens in any reported case, and the issue presented was thus a "matter of first impression." The district court's conclusion was technically correct; any issue that "has never been addressed by an Idaho appellate court" potentially fits that definition. *Wheeler v. Idaho Dep't of Health & Welfare*, 147 Idaho 257, 266, 207 P.3d 988, 997 (2009). Even so, the holdings of *Hendricks*, which is not binding on this Court, and of *Lemhi County*, as a matter of reason, both answer whether medical indigency liens which are not perpetual are nevertheless subject to a statute of limitation. Thus, simply because the matter is of first impression does not end the analysis in this unique set of facts.

"Asserting [that an issue is] a matter of first impression is not a 'free pass' to bring [issues] based on unreasonable arguments." *Arnold v. City of Stanley*, 158 Idaho 218, 224, 345 P.3d 1008, 1014 (2015) (quotation marks in original). The question becomes whether it was reasonable for the County to bring this action and argue that no statute of limitation governed this foreclosure action. We conclude it was unreasonable for the County to do so, and thus the district court abused its discretion in failing to award Phillip attorney fees here.

"[T]he purpose of [section] 12-117 is to serve as a deterrent to groundless or arbitrary action and to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges." *Id*. at 224, 345 P.3d at 1014 (quoting *Canal/Norcrest/Columbus Action Comm. v. City of Boise*, 136 Idaho 666, 671, 39 P.3d 606, 611 (2001)). As such, in cases like this one, when the political subdivision is the nonprevailing party, the touchstone of a court's legal analysis under section 12-117(1) must be whether that governmental subdivision, the County here, acted reasonably in bringing suit and through its arguments. A nonprevailing party's position is unreasonable when it contradicts the plain reading of a statute or where the nonprevailing party does not appear to have suffered actual harm from the prevailing party's actions. *Id*. ("Because a plain reading of the statute contradicts the [party's] position, and because they do not even claim to have been actually harmed by the [wrongful action], we find that their appeal was brought without a reasonable basis in fact or law.").

Section 5-201 sets forth the clear legislative policy that "[c]ivil actions can only be commenced within the periods prescribed in this chapter after the cause of action shall have accrued, *except when, in special cases, a different limitation is prescribed by statute*." (Emphasis added). There is no exception to this plainly worded mandate. Section 5-218, in relevant part,

provides a three-year limitation period on "[a]n action upon a liability created by statute, other than a penalty or forfeiture." I.C. § 5-218(1). The fifth paragraph in the County's original complaint[4] for foreclosure against Phillip asserted "[t]his matter involves the foreclosure of one (1) statutory lien pursuant to Idaho Code § 31-3504(4) . . . ." Paragraph VIII of the same complaint affirms that "Ada County filed a notice of lien . . . pursuant to Idaho Code § 31-3504(4) *claiming a statutory lien . . . .*" (Emphasis added). Thus, from the initiation of this case the County was seeking to foreclose a statutory lien. It is axiomatic that such liens are governed by, and subject to, the three-year limitation period of Idaho Code section 5-218. Thus, it is unsurprising that the district court ultimately held that the County's action to foreclose the medical indigency lien was time barred by section 5-218(1) because the County failed to bring the action within three years. Title 31, Chapter 35 does not provide that medical indigency liens are "special cases" entitled to an exception, nor does Title 31, Chapter 35 provide an extraordinary limitation period for enforcing medical indigency liens. *See* I.C. §§ 31-3501–3558. Because a different limitation period is not prescribed, medical indigency liens are subject to the rules enumerated in Title 5. Like the district court found, as a statutory lien, a medical indigency lien is subject to the three-year limitation period set forth in section 5-218(1). Thus, the County's attempt to enforce a statutory lien some eleven years after its cause of action accrued was unreasonable.

We recognize "the high bar it takes for a court to conclude that an issue was pursued without a reasonable basis in law or fact." But here we hold that the County's efforts rise to that level. *See Dep't of Environ. Qual. v. Gibson*, 166 Idaho 424, 448, 461 P.3d 706, 730 (2020). Although this Court has not specifically addressed whether medical indigency liens are subject to a statute of limitations in the past, the plain reading of sections 5-201 and 5-218 are beyond "clear enough" to support a finding that the County pursued its case without a reasonable basis in fact or law. *Arnold*, 158 Idaho at 224, 345 P.3d at 1014 ("[A]lthough the Court has not before addressed the scope of who may bring an enforcement action under [applicable statute], the plain language of that section is clear enough that we believe the [appellant's] appeal was made without a reasonable basis in fact or law."). In addition, this Court's holding in *Lemhi County* answers the County's argument about whether a statutory lien that is perpetual is subject to the limitation

---

[4] The County amended its complaint, but the allegations that it was enforcing a "statutory lien" remained unchanged.

periods prescribed by Title 5. The fact that *Lemhi County* is over ninety-years-old does not diminish its precedential value.

In summary, although the County presented an issue of first impression, the County's position was unreasonable because medical indigency liens are statutory liens and statutory liens are subject to the three-year limitation period prescribed by Idaho Code section 5-218(1). If a perpetual tax lien is subject to a statute of limitations, it is *a fortiori* that a medical indigency lien would also be subject to the same statute of limitations. Despite section 5-218(1) barring statutory liens after three-years, our precedent that statutory liens perpetual in nature are subject to limitations, and other courts holding the unenforceability of an outdated medical indigency lien is clear, the district court still concluded that the County's position was reasonable. Based on the choices available to the district court, that finding is not consistent with the legal standards above. Thus, the district court abused its discretion by giving the County a pass here. Section 12-117 exists to prevent Idaho citizens from footing the bill when a local government desires to bring an unsuccessful test case in the face of clearly established law.

As a result, we remand for the district court to determine a reasonable amount of attorney fees Phillip is entitled to in accordance with I.R.C.P. 54(d)(1)(B).

**B.      Attorney Fees on Appeal.**

Phillip requests attorney fees on appeal under Idaho Code section 12-117. Again, Phillip maintains the County's arguments were not reasonably based in fact or law. For review, "in any proceeding involving as adverse parties a state agency or a political subdivision and a person," the court "shall award the prevailing party reasonable attorney's fees . . . if it finds that the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1).

While the County proffered the same arguments on appeal that it raised in the district court, the County did so in *response* to Phillip's appeal. We cannot say it was improper for the County to make the same argument on appeal that was adopted by the district court. *See Nemeth v. Shoshone Cnty.*, 165 Idaho 851, 861, 453 P.3d 844, 854 (2019) ("[W]e cannot find that the [respondent] acted without a foundation in fact or law in defending on appeal the judgment they won below."). As a result, we decline awarding attorney fees to Phillip on appeal.

## V. CONCLUSION

The district court's ruling denying Phillip attorney fees under Idaho Code section 12-117 is reversed and the case is remanded for the district court to award reasonable attorney fees to

Phillip. Phillip is not entitled to reasonable attorney fees on appeal, but he is entitled to costs pursuant to Idaho Appellate Rule 40.

Justices BURDICK, BRODY, STEGNER and MOELLER CONCUR.