# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49676

| | |
|---|---|
| DIRECTOR, IDAHO STATE POLICE, STATE OF IDAHO; and ELMORE COUNTY PROSECUTING ATTORNEY, | ) ) ) ) | Filed: November 15, 2023 |

DIRECTOR, IDAHO STATE POLICE,
STATE OF IDAHO; and ELMORE
COUNTY PROSECUTING
ATTORNEY,

       Plaintiffs-Respondents,

v.

ONE BLACK 2017 MERCEDES-BENZ
VIN NO. WWUG6DB8HA300117;
$4,201.00 IN UNITED STATES
CURRENCY,

       Defendant Property,

and

JOHN LARRY EDWARDS LILTON,

       Real Party in Interest-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 15, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Jonathan Medema, District Judge. Hon. James Cawthon, District Judge.

Order denying motion to reconsider award of attorney fees, reversed; case remanded.

Idaho Injury Law Group, PLLC; Seth H. Diviney, Boise, for appellant.

Shondi K. Lott, Elmore County Prosecuting Attorney; Ralph R. Blount, Deputy Prosecuting Attorney, Mountain Home, for respondent.

---

GRATTON, Judge

John Larry Edwards Lilton appeals from the district court's denial of his motion for reconsideration of his request for attorney fees. We reverse the district court's order denying the motion for reconsideration and remand for entry of an award of attorney fees.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

A sheriff's deputy conducted a traffic stop of a vehicle owned and driven by Lilton. Deputies seized Lilton's vehicle and cash pursuant to Idaho Code § 37-2744. The Elmore County Prosecutor (Prosecutor) filed a complaint seeking to forfeit Lilton's vehicle and cash. Lilton filed an answer alleging the proceedings were not instituted within the statutorily required thirty days of the seizure and filed a motion to dismiss arguing the *in rem* action was barred by the statute of limitation. The district court granted Lilton's motion and ordered his property returned to him on December 10, 2020. Lilton filed a motion for entry of judgment on December 20, 2020. The district court signed the judgment on January 26, 2021.

On February 10, 2021, Lilton filed a memorandum of costs pursuant to I.C. § 12-117 requesting costs and attorney fees for the legal work performed to obtain the judgment. Twenty-nine days later, the Prosecutor filed a motion to disallow part or all costs with a supporting declaration and memorandum. Lilton filed a motion to strike the Prosecutor's motion as untimely and in opposition to the Prosecutor's implied motion for enlargement of time. The Prosecutor lodged four additional filings, including a motion for relief from judgment,[1] to which Lilton responded. The district court held hearings on the various motions and objections. The district court denied the Prosecutor's miscellaneous motions and issued an amended judgment which awarded Lilton the requested attorney fees and costs incurred for work to obtain the initial judgment.

On June 16, 2021, Lilton filed a supplemental request for attorney fees incurred for securing his initial request for attorney fees and defending against the post-judgment motions brought by the Prosecutor, asserting that the Prosecutor's various motions and objections were unfounded. The Prosecutor filed a memorandum in support of objection and motion to disallow the second request for attorney fees. The district court denied the request for fees and costs. The district court reasoned that the fees sought in the supplemental request could have been requested in the "prior litigation" and no construction of the procedural rules or statutes relating to attorney

---

[1] The Prosecutor asked for relief from the judgment asserting that, contrary to the prior finding of untimeliness of the complaint, there was an argument that the complaint was timely because the probable cause for the seizure did not arise until after midnight and, thus, the start of the timeframe occurred at that time. The district court denied the motion. Consequently, the basis for an award of attorney fees remained.

fees allows for successive awards of attorney fees based on being a prevailing party on a request for attorney fees. Lilton filed a motion to reconsider and memorandum in support. The district court issued a memorandum decision denying the motion for reconsideration. Lilton timely appeals.

## II.

## STANDARD OF REVIEW

The Idaho appellate courts review a district court's denial of attorney fees under I.C. § 12-117 for an abuse of discretion. *Ada County v. Browning*, 168 Idaho 856, 859, 489 P.3d 443, 446 (2021). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court. *Campbell v. Reagan*, 144 Idaho 254, 258, 159 P.3d 891, 895 (2007); *Carnell v. Barker Mgmt. Inc.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002).

## III.

## ANALYSIS

Lilton contends that the district court: (1) misconstrued the relevant statutes in denying his supplemental request for attorney fees; and (2) abused its discretion in denying the supplemental request on a basis not argued by either party. The Prosecutor argues that Lilton invited error by claiming that the reason he had not earlier filed his supplemental request was because the request was not "ripe." The Prosecutor also argues that the supplemental request for attorney fees was untimely.

### A.    The District Court Erred in Its Initial Decision

In the district court's initial denial of Lilton's supplemental request for attorney fees, the court held:

> I'm not aware of a construction on the rules, or the Idaho statutes relating to attorneys fees, that allow for successive awards of attorneys fees as a prevailing party based [on] an award of attorney fees when you are a prevailing party, and I think the fees that were involved here are fees that could have been requested in

that litigation, as they were directly attributable to that litigation, and so for that reason, the court will deny the request for attorneys fees.

There appear to be two concepts in this holding; the statutes and rules do not allow for attorney fees to defend a prior award of attorney fees and a motion for relief from a judgment but even if permitted, such fees must be requested at the time initial fees are requested.

### 1. Attorney fees incurred after an initial award of fees may be recoverable

The statutes and rules permit an award of attorney fees incurred in defending a prior award of fees and in defending against post-judgment motions; in this case, a request for relief from judgment. Attorney fees may be awarded to the prevailing party in an action where the non-prevailing entity's position does not have a reasonable basis in fact or law, I.C. § 12-117. In the normal course of events, the judgment determines the prevailing party who is then allowed to seek attorney fees incurred to secure that judgment on the merits. Typically, if attorney fees are awarded, an amended judgment is filed so that the award can be collected pursuant to a judgment. Here, however, after Lilton was awarded attorney fees, the Prosecutor unsuccessfully challenged the award, including requesting relief from the judgment itself. Idaho Code § 12-117 includes attorney fees to Lilton, as the prevailing party, for the additional fees he incurred in defending his initial award of attorney fees and opposing the request for relief from the judgment. Lilton prevailed. The Prosecutor has cited to no rule or attorney fee statute that precludes an award for attorney fees necessarily incurred after a favorable decision on the merits.

### 2. The supplemental request for attorney fees need not have been brought earlier

The district court suggested that the request for fees incurred in defending the judgment and initial award of attorney fees could have and must have been brought as a part of the initial attorney fees request. First, this is contrary to the district court's initial holding that attorney fees incurred after a decision on the merits are unavailable. Second, post-judgment proceedings and the initial award of fees are not separate litigation, as the district court suggests. Finally, the district court's analysis does not take into consideration that attorney fees in this case continued to accrue post-judgment until the time of the district court's decision on Lilton's supplemental request for attorney fees. Given the extent of the Prosecutor's filings after Lilton's first fee award, it would be impractical for Lilton to file updates to the initial award of attorney fees on a rolling basis. The district court asked Lilton why he had not filed the supplemental request earlier, and Lilton responded that it was not "ripe" because he was not yet the prevailing party on the post-merits decision litigation.

4

On appeal, the Prosecutor argues that Lilton's position that the supplemental attorney fee request was not ripe earlier is a concession and the invited error doctrine precludes Lilton's claim of error. The doctrine of invited error applies to estop a party from asserting an error when that party's conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). Lilton's position was not a concession that he was eligible for the supplemental attorney fees before making that request, but instead was a correct assertion that he was not the prevailing party on the post-merits litigation, including the Prosecutor's motion for relief from the judgment, until that phase of litigation concluded in his favor. The district court erred in its initial decision.

**B.      The District Court Erred in Deciding the Motion for Reconsideration**

A different district judge decided the motion for reconsideration. The district court did not directly address the basis for the holdings on the initial motion. The district court stated, "Of course, this court is not being asked to reconsider the court's earlier award of fees to the car." Instead, the district court determined that: (1) Lilton was not a real party in interest; (2) a judgment was not required on the merits, and; (3) the Prosecutor had a good faith basis to claim in law or fact that the initial attorney fee request was untimely and, although the Prosecutor did not so argue, there was a basis in law for such an argument precluding attorney fees under I.C. § 12-117. We disagree.

**1.      The district court erred in holding Lilton is not the real party in interest**

Lilton argues the district court erred by finding Lilton is a person but not a party entitled to request attorney fees under the relevant statutes. Lilton asserts he is a real party in interest under I.C. § 37-2744(d) and is entitled to claim attorney fees under I.C. § 12-117. The district court concluded that, although Lilton is a person, he is not a party entitled to personally request attorney fees under I.C. § 12-117. In reaching this conclusion, the district court first considered the nature of an *in rem* action and concluded that only "a vehicle and a pile of federal reserve notes" were defendants. The district court also described what it viewed as the summary nature of *in rem* forfeiture actions, concluding that the legislature set the proceedings up to be "quick and dirty" and, while the owner could appear, an owner is not allowed to be a "party" to the action. We conclude to the contrary that Lilton is a real party in interest under the statutes and case law.

5

The district court recognized, but then distinguished, *Idaho Department of Law Enforcement, By and Through Richard L. Cade v. Kluss*, 125 Idaho 682, 873 P.2d 1336 (1994). *Kluss* is indistinguishable in any meaningful way. The *Kluss* Court held:

> Admittedly, a civil property forfeiture action under I.C. § 37-2744A is an *in rem* proceeding brought in the name of the state against the property sought to be forfeited. However, there is no question from the forfeiture provisions that the legislature contemplated it would be the property owner who would be the real party in interest. The statute specifically provides that notice of the forfeiture must be sent to any persons holding a recorded interest in the property and that the forfeiture complaint must be served on all persons having an interest in it. The statute also requires that the property be released to the owner if the owner had no knowledge or reason to believe the real property was being used for the purposes alleged by the DLE, or if it in fact was not being so used. *Without question, the owner of the property being subjected to a forfeiture proceeding is so inextricably involved in the forfeiture that the property owner is such a "person" included within I.C. § 12-117. We, therefore, conclude that I.C. § 12-117 applies to drug forfeiture proceedings.*

*Kluss*, 125 Idaho at 684-85, 873 P.2d at 1338-39 (emphasis added). The district court noted that *Kluss* would be determinative if this were a real property case under I.C. § 37-2744A, but distinguished *Kluss* because this is a personal property forfeiture case under I.C. § 37-2744(d) with a more "truncated" procedure relative to personal property forfeitures. For purposes of determining the real party in interest, the framework for the proceeding is not relevant. The Prosecutor does not contend otherwise. *Kluss* is controlling and Lilton is the real party in interest entitled to personally make a claim for attorney fees.

## 2. The district court erred in holding that a judgment is not required

As to the entry of judgment, the district court held that under I.C. § 37-2744(d) a judgment is not appropriate or necessary because this is an action *in rem*. The district court acknowledged that the legislature made reference to the court entering judgment in I.C. § 37-2744(d)(3)(D)(IV)(iii) but stated "one cannot view the various orders the legislature has required the court to make as judgments as that term is defined in Rule 54." Related to the erroneous holding that Lilton is not a party, the district court held that an *in rem* action only has one party and there is no claim by or against any other party. The district court acknowledged that it should enter a judgment in such cases setting forth the relief the only party to the action (the Prosecutor or other appropriate state agency) is entitled to receive on the claim which can be nothing, title to the conveyance, or a portion of the proceeds. Nonetheless, the district court concluded that no

6

judgment was otherwise necessary or needed to be entered in favor of the property named as defendants in this case. Since Lilton is a real party in interest, a judgment was appropriate and necessary. *See* Idaho Rule of Civil Procedure 54; Idaho Appellate Rule 11.

> **3.** **The district court erred in holding that there was a reasonable basis in law or fact for the denial of attorney fees in the first instance and denying the supplemental fees on that basis**

Although the district court concluded Lilton was not entitled to attorney fees because he is not a party, it alternatively considered the merits of Lilton's request. The district court acknowledged Lilton argued that the Prosecutor acted without a reasonable basis in opposing the first fee request because the Prosecutor's objection to attorney fees was admittedly untimely; and the Prosecutor conceded that an attorney fee award was appropriate so the Prosecutor's later opposition was without a reasonable basis in fact or law. However, the district court held that even though the Prosecutor's objection to attorney fees was untimely, the court could consider the arguments made therein, and that because a judgment was not necessary, there was a reasonable, albeit unpersuasive, argument that the time to file the initial request for attorney fees ran from the court's order that possession of the car and cash be returned to Lilton, which would make Lilton's attorney fee request untimely.

The Prosecutor conceded the first award of attorney fees due to the Prosecutor filing an untimely response.[2] The district court abused its discretion by denying the request for reconsideration of the supplemental request for attorney fees based on finding that the Prosecutor actually had a good faith basis to have challenged the first award of attorney fees. The first order for attorney fees was followed by a request for judgment. Lilton's request for entry of judgment was not a delay tactic and did not violate I.R.C.P. 58. The district court initially did not enter judgment. Pursuant to I.R.C.P. 54(d)(4), attorney fees can be sought any time after a jury verdict or a decision of the court, but not later than fourteen days after entry of a *judgment* by any party who claims costs. While failure to timely file a memorandum of costs and attorney fees is a waiver, the timeliness of a request for attorney fees is based on the entry of a *judgment*.

---

[2] At the hearing conducted May 24, 2021, the district court noted that there was no objection to an award of fees and the issue was the fees requested, to which the Prosecutor responded, "I don't see it any other way, Your Honor." The Prosecutor later asked for reconsideration; however, the Prosecutor first conceded Lilton had standing and the district court properly awarded attorney fees because the Prosecutor's objection was untimely. The Prosecutor does not argue the district court should have disregarded his concession.

The district court acknowledged that it was not being asked to reconsider the attorney fees initially awarded and that the Prosecutor conceded its initial objection was untimely and, thus, there was no basis upon which to challenge the initial award. Nonetheless, the district court concluded the Prosecutor could have made an argument reasonably based in law that the initial award of attorney fees was untimely. The district court denied Lilton's request for supplemental attorney fees and, in doing so, abused its discretion. The district court stated that this aspect of its decision was made assuming error in its holdings that Lilton was not a party and no judgment was required. As such, the district court noted that the untimeliness argument would have been unpersuasive, but nonetheless concluded it was not without a basis in law or fact.

The Prosecutor agreed at the May 24, 2021, hearing on post-judgment motions that the only issue was the amount of attorney fees to award, acknowledging that Lilton was entitled to attorney fees. That concession came after the Prosecutor made the argument in its various post-judgment filings that the initial request for attorney fees was untimely and violated Rule 58's prohibition of delaying entry of judgment for the taxation of costs. The Prosecutor did not ask for reconsideration or appeal any adverse decision. The district court erred in disregarding the Prosecutor's previous concessions when finding that the Prosecutor had a reasonable legal argument to defeat the first award of attorney fees. Lilton is a real party in interest and entitled to judgment and the opportunity to seek attorney fees under I.C. § 12-117. The district court erred in denying Lilton's motion for reconsideration.

## IV.

## CONCLUSION

The district court erred in finding Lilton was not a real party in interest and was not entitled to attorney fees. Consequently, the district court erred by denying Lilton's motion for reconsideration. As a result, we reverse the district court's denial of Lilton's motion for reconsideration and remand the case for entry of an award of attorney fees.

Costs on appeal are awarded to Lilton.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

8