**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 51990**

NORTH HENRY'S LAKE HOMEOWNERS )
ASSOCIATION, INC., an Idaho nonprofit )
corporation, )
 )
   Plaintiff-Appellant, )
 )
v. )
 )
BRYAN NORTON; HENRY VIRGIL LLC; )
PROPERTIES IDAHO LLC; and C&N )
PERSPECTIVES LLC, )
 )
   Defendants-Respondents. )
 )

Boise, November 2025 Term

Opinion Filed: January 6, 2026

Melanie Gagnepain, Clerk

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Fremont County. Joel E. Tingey, District Judge.

The judgment of the district court is <u>affirmed</u>.

Givens Pursley LLP, Boise, and Vial Fotheringham, LLP, Meridian, for Appellant. Morgan D. Goodin argued.

Liberty Law Idaho PLLC, Meridian, for Respondents. Bryan Norton argued.

———————————

BRODY, Justice.

This appeal concerns an issue of first impression: whether Idaho Code section 55-3211's prohibition on the addition of any restrictions that limit short-term rentals in a subdivision without the express written consent of the property owner protects a particular property owner or a particular property. North Henry's Lake Homeowners Association, Inc. ("the HOA") brought suit against the respondent homeowners, Bryan Norton, Henry Virgil LLC, Properties Idaho LLC and C&N Perspectives LLC (collectively "the Homeowners") to enforce an amendment to the subdivision's covenants, conditions, and restrictions ("CCRs") that prohibited any property in the subdivision from being leased as a short-term rental and further sought an injunction to prevent the Homeowners from doing so. The district court granted summary judgment in favor of the Homeowners, concluding that the restriction on short-term rentals did not apply to their property

1

because neither the owner of the property in 2016, when the short-term rental restriction was added to the CCRs, nor any subsequent purchaser or owner of the property since that time, expressly agreed to the restriction. The HOA appeals, contending the district court erroneously interpreted section 55-3211 to protect the property when the statute protects only the owner of the property at the time the restriction on short-term rentals was added. For the reasons expressed below, we affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Near the waters of the Henry's Fork of the Snake River, and approximately twenty-minutes from the entrance to Yellowstone National Park in Fremont County, lies the North Henry's Lake Lodge Subdivision ("the Subdivision"). The HOA manages the "maintenance, preservation, and architectural control" of all real property within the Subdivision through the enforcement of CCRs. The Homeowners own property ("the Property") in the Subdivision, which they acquired in 2022.

Effective March 24, 2016, the Idaho Legislature enacted Idaho Code section 55-3211 (originally codified as I.C. § 55-115(3)), which prohibits a homeowner's association from "add[ing], amend[ing] or enforc[ing] any covenant, condition or restriction . . . that limits or prohibits" short-term property rentals without the express written consent of the property owner at the time the restriction is created. Act of Mar. 24, 2016, ch. 209, 2016 Idaho Sess. Laws 592, 592; *see also* Act of Mar. 31, 2022, ch. 323, 2022 Idaho Sess. Laws 1039, 1045. Shortly thereafter, the HOA solicited a written vote from its current homeowners on whether the CCRs should be amended to preclude short-term (less than thirty days) rentals. The owners of twenty-three out of the thirty properties in the Subdivision voted in favor of the amendment, and the owners of five properties voted against it. The owners of the Property at that time, Craig and Linda Lee on behalf of C&L Lee, L.C., voted in opposition to the amendment, noting that they had occasionally rented the Property in the past. Based on the majority vote, the HOA recorded the amended CCRs on August 22, 2016, which included the following restriction on short-term property rentals:

> No property may be leased for a period less than thirty (30) days by any owner who acquires the property after the effective recording date of these amended CC&Rs. This restriction shall not limit or prohibit rental of any property of any owner of record as of the effective recording date of these amended CC&Rs unless expressly agreed to in writing by the owner at the time of the adoption of these amended CC&Rs.

After the adoption of the 2016 amendments to the CCRs, the Property changed ownership three times: first, on September 28, 2017, when C&L Lee, L.C., transferred the property to the

2

Johnsons; then, on August 3, 2022, when the Johnsons conveyed the Property to Bryan and Patricia Norton, and Newell and Cathie Norton (collectively, "the Nortons"); and finally, on October 17, 2022, when the Nortons transferred the property to the current owner, Henry Virgil, LLC. Both the Johnsons and the Nortons were issued a warranty deed when they took ownership of the Property, and each warranty deed expressly stated that the Property was subject to all the recorded CCRs. No owner of the Property ever expressly agreed in writing to the amended CCRs or a restriction on leasing the Property as a short-term property rental.

In October 2022, the HOA became aware that the Homeowners were advertising the Property as a short-term rental in an Airbnb listing. The HOA subsequently sued the Homeowners, alleging they had breached the short-term rental restriction and seeking injunctive and declaratory relief. The HOA sought an injunction to force the Homeowners to cease and desist renting the Property for periods less than thirty days and further sought a declaration that the Homeowners are required to abide by all CCRs, including the restriction on short-term rentals.

The parties filed cross-motions for summary judgment. Because the facts regarding the Property and its usage as a short-term rental were not in dispute, the motions turned on an interpretation of Idaho Code section 55-3211. The HOA contended the statute only protected the specific property owners who did not agree to the short-term rental restriction at the time the restriction was added to the CCRs; in this case, only C&L Lee, L.C. would be covered—not its successors. The Homeowners, as the successors in interest to C&L Lee, L.C., contended the statute exempted the Property from this restriction because the Property owner at the time the restriction was added, C&L Lee, L.C., did not agree to that addition.

Following a hearing on the matter, the district court granted summary judgment in favor of the Homeowners. The district court concluded that Idaho section 55-3211 unambiguously exempted a property from a short-term rental restriction unless the owner of that property—either at the time the restriction was added or at a later date, such as a subsequent owner upon a property transfer—expressly agreed in writing to the addition. The district court further reasoned that, under the first sentence of the statue, a rental restriction would not apply to the property until the property owner expressly agreed to it. The district court concluded that because it was undisputed that no prior owner of the Property ever agreed to the 2016 amendment that added the short-term rental restriction, the Property was not subjected to any short-term rental restriction, and the HOA could not enforce the restriction against the Homeowners. The HOA timely appealed.

3

"When reviewing the grant of a motion for summary judgment, we apply the same standard used by the district court in ruling on the motion". *KGF Dev., LLC v. City of Ketchum*, 149 Idaho 524, 527, 236 P.3d 1284, 1287 (2010). "Summary judgment is properly granted when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted) (quoting *Van v. Portneuf Med. Ctr.*, 147 Idaho 552, 556, 212 P.3d 982, 986 (2009)). "The fact that the parties have filed cross-motions for summary judgment does not change the applicable standard of review, and this Court must evaluate each party's motion on its own merits." *Smith v. Kount, Inc.*, 169 Idaho 460, 463, 497 P.3d 534, 537 (2021) (quoting *Bedke v. Ellsworth*, 168 Idaho 83, 90, 480 P.3d 121, 128 (2021)).

This Court freely reviews questions of law, including questions of statutory interpretation. *Id.*

## III.    ANALYSIS

**A.    The district court did not err in interpreting Idaho Code section 55-3211 to exempt the Property from the short-term rental restriction.**

Section 55-3211 of the Idaho Code prohibits homeowner's associations from placing rental restrictions on properties within the homeowner's association's jurisdiction unless consented to in writing by the property owner:

> No homeowner's association may add, amend, or enforce any covenant, condition, or restriction in such a way that limits or prohibits the rental, for any amount of time, of any property, land, or structure thereon within the jurisdiction of the homeowner's association, unless expressly agreed to in writing at the time of such addition or amendment by the owner of the affected property. Nothing in this section shall be construed to prevent the enforcement of valid covenants, conditions, or restrictions limiting a property owner's right to transfer his interest in land or the structures thereon as long as that covenant, condition, or restriction applied to the property at the time the homeowner acquired his interest in the property.

I.C. § 55-3211.

The HOA contends the district court misinterpreted section 55-3211 to exempt the Property from the short-term rental restriction that was added to the CCRs in 2016. The HOA argues the statute plainly protects only the investment-backed interests of the owner at the time the restriction was added and does not protect a subsequent purchaser who takes title to the property with notice of the restriction. We disagree with the HOA's reading of the statute. For the reasons explained

4

below, we hold the statute plainly exempts a property from any short-term rental restriction its homeowner's association otherwise elects to adopt unless the property owner at the time the restriction was added expressly agrees to that restriction in writing.

Statutory interpretation begins "with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (citation omitted). When interpreting a statute, "the Court must give effect to all the words and provisions within the statute to ensure that none are void, superfluous, or redundant." *Latah County v. Idaho State Tax Comm'n*, ____Idaho ____, ____, 571 P.3d 962, 967 (2025) (citation modified) (quoting *Smith v. Excel Fabrication, LLC*, 172 Idaho 725, 731, 535 P.3d 1098, 1104 (2023)). If the statute's plain language is clear and unambiguous, "this Court does not construe it, but simply follows the law as written." *Verska*, 151 Idaho at 893, 265 P.3d at 506 (citation omitted).

Here, the district court concluded the statute was unambiguous:

> The [c]ourt finds the statute to be unambiguous. Under the first sentence of the statute, the [P]roperty in this case is not subject to the amended CCR since the owner did not "expressly agree . . . in writing" to the amendment. Clearly, the legislature sought to protect a homeowner from the tyranny of the majority seeking to impose limitations on short term rentals.

(Last alteration in original.) The district court further concluded that the second sentence of the statute did not limit the meaning of the first sentence. The district court reasoned that, when the two sentences were read together, a rental restriction cannot "apply" to a property "until such time as an owner expressly agreed in writing to the restriction. The second sentence of the statute does not cause to materialize a rental limitation on the property which was eliminated under the first sentence."

We agree with the district court's interpretation. The plain language of the statute's first sentence prohibits a homeowner's association from doing three things—adding, amending, or enforcing a rental restriction unless it has the express written consent of the owner of the affected property at the time the restriction is added:

> No homeowner's association may add, amend, or enforce any covenant, condition, or restriction in such a way that limits or prohibits the rental, for any amount of time, of any property, land, or structure thereon within the jurisdiction of the homeowner's association, unless expressly agreed to in writing at the time of such addition or amendment by the owner of the affected property.

I.C. § 55-3211.

5

Pointing to the phrase "in such a way" and the term "affected property," the HOA argues that these legislative prohibitions are limited in duration and that they cease to exist once the property transfers to a new owner who has record notice of the restriction. The HOA attempts to buttress its position by pointing to the second sentence of the statute, which provides that the HOA may enforce "*valid* covenants, conditions, or restrictions limiting a property owner's right to transfer his interest in land or the structures thereon as long as that covenant, condition, or restriction applied to the property *at the time the homeowner acquired his interest in the property*." *Id.* (emphasis added).

Simply put, there is nothing in the plain language of the statute that creates a temporal limitation. The HOA's only way around the statutory prohibitions is to obtain the express written consent of the owner of the affected property. There is no dispute in this case that Craig and Linda Lee on behalf of C&L Lee, L.C., the owner of the Property at the time the HOA added the short-term rental restriction to the CCRs, refused to give their consent. Although the HOA recorded the amended CCRs in Fremont County, the short-term rental restriction did not encumber the Property because the owner did not consent, and the district court correctly concluded that it cannot be enforced against the subsequent purchasers. In other words, the short-term rental restriction was not valid "at the time [the Homeowners] acquired [their] interest in the [P]roperty." *Id*. Therefore, we agree with the district court that the second sentence of the statute does not undermine the plain language of the first sentence. The plain language of the statute's second sentence merely provides that restrictions which *were* validly added to a property will run with the land and may be enforced against subsequent owners without the subsequent owner's express written consent.

The HOA argues the district court's interpretation will render the statutes governing the recording of CCRs useless by creating a "checkerboard of properties exempt from the short-term rental restriction, with no indication in the recording system." In support of this contention, the HOA cites to *Miller v. Simonson*, 140 Idaho 287, 289–90, 92 P.3d 537, 539–40 (2004), which quotes Idaho Code section 55-811 for the proposition that "[e]very conveyance of real property … recorded as proscribed by law, from the time it is filed with the recorder for the record, is constructive notice of the contents thereof to subsequent purchasers . . . ." This argument is unavailing.

*Miller* does not address the statutory interpretation of Idaho Code section 55-3211, nor does it address whether a recorded condition, covenant, or restriction validly encumbered a given

6

property in the first instance. Rather, *Miller* concerned whether a subsequent purchaser of property had constructive notice of validly created covenants, conditions, or restrictions when a recording error resulted in the CCRs' absence from the grantee-grantor index. *Id.* at 288, 92 P.3d at 538. This Court adopted the rule that "once an instrument has been acknowledged, certified, and presented for recording it provides constructive notice to all subsequent purchasers regardless of whether the instrument is thereafter properly recorded by county officials or not." *Id.* at 291, 92 P.3d at 541. Because it was undisputed that the recording error was the fault of county officials and the original CCRs were properly acknowledged, certified, and presented for recording, this Court held that the subsequent purchasers had constructive notice of them. *Id.* Here, this case does not concern the grantee-grantor index or constructive notice of the CCRs; it concerns whether the HOA's short-term restriction could validly encumber the Property under Idaho Code section 55-3211. Accordingly, *Miller* is not instructive here, and the HOA's reliance on it is misplaced.

Similarly, we reject the HOA's argument that the district court's interpretation of section 55-3211 will "destroy[] the usefulness" of the recording statutes. The statutes that govern the recording of CCRs are contained in a different chapter of the Idaho Code and pertain to a different subject matter than does section 55-3211. *Compare* I.C. § 55-801 to 55-820 (governing the recording of property transfers), with I.C. § 55-3201 to 55-3213 (governing homeowner's associations and limiting CCRs). This Court does not consider a statute's consistency with other provisions of the Idaho Code when interpreting an unambiguous statute. *See City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 582, 416 P.3d 951, 954 (2018) ("Where the language of a statute is plain and unambiguous, courts give effect to the statute as written, without engaging in statutory construction." (quoting *Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 398, 224 P.3d 458, 465 (2008))). We have held that section 55-3211 is unambiguous. Accordingly, we apply it as written, irrespective of any concerns that may arise in determining whether a particular property is subject to a rental restriction contained in recorded CCRs.

In sum, we hold that Idaho Code section 55-3211 unambiguously prohibits a homeowner's association from adding a rental restriction to any property within its jurisdiction unless the property owner expressly agrees in writing to that restriction at the time it is added. Because the statute is unambiguous, we do not consider the HOA's additional arguments regarding its legislative purpose contained in Idaho Code section 55-3202 or expressed in the legislative history. *See Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 892-93, 265 P.3d 502, 505-05

(2011) ("The asserted purpose for enacting the legislation cannot modify its plain meaning." (citation omitted)). In this case, there is no dispute that the owner of the Property did not expressly agree to the short-term rental restriction when the CCRs were amended in 2016 to include this restriction, and it is also undisputed that no subsequent owner expressly agreed to subject the Propety to this restriction. Therefore, the district court correctly concluded that the short-term rental prohibition contained in the 2016 amendment to the CCRs does not encumber the Property and cannot be enforced against the Homeowners. Accordingly, we affirm the district court's grant of summary judgment in favor of the Homeowners.

**B.      No party is entitled to attorney fees.**

The Homeowners request attorney fees on appeal pursuant to Idaho Code section 12-121, which authorizes an award of reasonable attorney fees to the prevailing party "if the Court believes that the proceeding was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Kelly v. Kelly*, 171 Idaho 27, 49, 518 P.3d 326, 348 (2022). The Homeowners contend the HOA's appeal was frivolously brought because the HOA's arguments "fl[y] in the face of the plain language of Idaho Code [section] 55-3211" and therefore "lack[] foundation." In support of this contention, the Homeowners cite to the following list of cases they argue stand for the proposition that arguments which ignore a statute's plain language and lead to "interpretations that are clearly untenable" may warrant an award of attorney fees: *Wadsworth Reese, PLLC v. Siddoway & Co.*, 165 Idaho 364, 369, 445 P.3d 1090, 1095 (2019); *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979); *H-K Contractors, Inc.*, 163 Idaho at 584, 416 P.3d at 956; *Verska*, 151 Idaho at 895, 265 P.3d at 508.

In response, the HOA requests attorney fees under section 12-121 for the portion of time spent defending against the Homeowners' request for attorney fees, contending the Homeowners' argument on this issue is itself frivolous. The HOA argues the Homeowners have misrepresented the cited cases, noting that none of them addressed an award of attorney fees to a prevailing party for an issue involving statutory interpretation or first-impression. "Apportionment of attorney fees [under Idaho Code section 12-121] is appropriate for those elements of the case that were frivolous, unreasonable, and without foundation even if other legitimate issues are raised." *Petersen v. Millennial Dev. Partners, LLC*, ___ Idaho ___, ___, 567 P.3d 780, 787 (2025) (alteration in original) (internal quotation marks and citation omitted). We hold that neither party is entitled to fees in this case.

Although the Homeowners are the prevailing party on appeal, they are not entitled to fees under section 12-121 because the HOA's appeal was not frivolous or without foundation. The HOA's appeal presented an important issue of first impression that will help guide homeowner's associations throughout the state for years to come. While ultimately unsuccessful, the arguments were sound and thoughtfully presented. Accordingly, the Homeowners are not entitled to an award of attorney fees.

As for the HOA's request for a partial award of attorney fees, the HOA is correct that none of the cases relied upon by the Homeowners in support of their request for fees support the proposition for which they were cited. For example, *Wadsworth* did not concern statutory interpretation at all, nor did it involve an award of fees on appeal under section 12-121. Rather, that case concerned the break-up of an accounting firm and an award of attorney fees under section 12-120 pertaining to commercial transactions. 165 Idaho at 374, 445 P.3d at 1100. And while this Court interpreted section 12-121 in *Minich* to authorize an award of attorney fees on appeal, this Court declined to do so in that case. 99 Idaho at 918, 591 P.2d at 1085. Likewise, neither *H-K Contractors, Inc.* nor *Verska* involved an award of attorney fees under section 12-121. Accordingly, the Homeowners have incorrectly cited these cases to support their request.

Notwithstanding the Homeowners' incorrect citations, the proposition that arguments which ignore a statute's plain language and lead to "clearly untenable interpretations" may warrant an award of attorney fees *is* supported by other caselaw. *See e.g. Owens v. Ada Cnty. Bd. of Comm'rs*, 171 Idaho 794, 804–05, 526 P.3d 964, 974–75 (2023) (awarding fees to prevailing party on appeal under Idaho Code section 12-117, which authorizes fees in proceedings between a state agency or a political subdivision and a person when "the nonprevailing party acted without a reasonable basis in fact or law."); *see also Ada County v. Browning*, 168 Idaho 856, 861–62, 489 P.3d 443, 448–49 (2021) (holding the district court abused its discretion by declining to award fees to the prevailing party under Idaho Code section 12-117 merely because the issue was a matter of first impression). This Court *has* awarded fees in a case involving an issue of first impression because the party who was ordered to pay the fees acted unreasonably by "contradict[ing] the plain reading of the statute[.]" *Owens*, 171 Idaho at 804–05, 526 P.3d at 974–75. As we have explained, "an issue of first impression is not a 'free pass' to bring unreasonable arguments." *Id.* at 804, 526 P.3d at 974 (citing *Browning*, 168 Idaho at 861, 489 P.3d at 448). This statement of law is consistent with the Homeowners' proposition regarding "clearly untenable interpretations" that

ignore the plain language of the statute. Because the Homeowners' proposition is supported by other caselaw, we decline to award any attorney fees to the HOA.

While the Homeowners' arguments in this case do not warrant an award of fees, we strongly caution counsel to ensure that citations used in briefing are *correct*. Idaho Appellate Rule 11.2 requires the attorney to verify the validity and accuracy of all citations to ensure the arguments are "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law[.]" I.A.R. 11.2(a). Failure to ensure an argument is supported with accurate citations to authority may warrant the imposition of sanctions, including an order to pay the other party's reasonable attorney's fees. *Id.*

## IV.   CONCLUSION

For the foregoing reasons, we affirm the district court's decision granting summary judgment in favor of the Homeowners. Costs on appeal, but not fees, are awarded to the Homeowners as a matter of course pursuant to Idaho Appellate Rule 40(a).

Chief Justice BEVAN, and Justices MOELLER, ZAHN and MEYER, CONCUR.